412 So.2d 962 (1982)
SUN TECH INC. OF SOUTH FLORIDA and Robert Sackett, Appellants,
v.
FORTUNE PERSONNEL AGENCY OF FORT LAUDERDALE, et al., Appellees.
No. 81-2367.
District Court of Appeal of Florida, Fourth District.
April 21, 1982.
*963 Jack M. Sobel of Virgin, Whittle & Garbis, Miami, for appellants.
Marshall G. Curran, Jr., of Spear, Deuschle & Curran, P.A., Fort Lauderdale, for appellee-Fortune Personnel Agency of Fort Lauderdale.
HERSEY, Judge.
This case involves a non-final order refusing to dissolve a temporary restraining order. Since a temporary restraining order is in the nature of an injunction, the order is subject to interlocutory appeal pursuant to Rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.
Appellee, Fortune Personnel Agency, filed suit against appellant, Sun Tech Inc., and its two principals, former employees of Fortune, alleging intentional interference with a business relationship, conversion and violation of an agreement not to compete. Appellee also sought a temporary restraining order without notice to enjoin appellants from using any documents or confidential information acquired while employees of Fortune, to restrain appellants from soliciting Fortune's clients, and to order the return of any documents belonging to Fortune appropriated by appellants.
On March 4, 1981, the trial court issued a temporary restraining order without notice as requested by Fortune. Subsequently, on March 10, 1981, after proper notice, there was a hearing on Fortune's motion for preliminary injunction. Appellants never had an opportunity to present evidence because Fortune utilized all of the time reserved for the hearing. Nevertheless, on March 24, 1981, the trial court entered another temporary restraining order which was a modified version of the initial one. A continuation of the preliminary injunction hearing was set for May 19, 1981, but was cancelled by Fortune. Thereafter, the matter was not scheduled until appellants had two hours set aside for hearing on October 6, 1981. Again, appellants did not have an opportunity to present evidence. Appellants then filed a motion to dissolve the temporary restraining order, which motion was denied by the trial court. Hence this appeal.
A temporary restraining order may, under specified circumstances, be granted without notice to the adverse party. Such an order expires within ten days after entry, but may be extended for another ten days with the consent of the adverse party or for good cause shown. Unless consented to, the reasons for an extension must be specified in a written order. When a temporary restraining order is granted without notice, the motion for a preliminary injunction should be set for hearing at the earliest possible time. When the motion is heard, the party who obtained the temporary restraining order must proceed with the motion for preliminary injunction; otherwise, the court must dissolve the temporary restraining order. Fla.R.Civ.P. 1.610. Thus, a temporary restraining order expires within a maximum of twenty days after its entry irrespective of any hearing on the motion for preliminary injunction.
In the instant case, a temporary restraining order, without notice, was entered on March 4, 1981. Fortune's motion for preliminary injunction was heard on March 10, 1981. Then on March 24, 1981, pursuant to the hearing, the trial court vacated the initial restraining order (which had already expired) and entered another temporary restraining order. According to the second order "there was insufficient time to hear all the evidence to enable [the] court to make a final determination on [the] issuance of a Preliminary Injunction and [the] matter may be reset to continue the hearing." Although this subsequent restraining order was issued after notice, appellants did not have an opportunity to present opposing evidence. The question which arises at this point is whether the second restraining order was issued under circumstances causing it to be equivalent to a temporary restraining order without notice. If so, the order should have expired within ten days of its entry.
Under Rule 1.610, a temporary restraining order is, by definition, issued without notice. Where notice has been provided and a hearing conducted, the injunctive *964 order entered, if any, is a preliminary injunction. As recognized by the trial court here, a preliminary injunction cannot be issued unless all parties are afforded the opportunity to present evidence.
Rule 1.610 and the accompanying committee note indicate that a temporary restraining order issued without notice will expire automatically unless a hearing on a preliminary injunction is held and a preliminary injunction is granted. There is no provision for the issuance or continuance of a temporary restraining order after only one side has presented evidence. Rather, under the rule, either a preliminary injunction is granted prior to expiration of a temporary restraining order or, upon expiration of the temporary order, matters return to their previous state. There is no middle ground pursuant to which a temporary restraining order can continue in effect beyond the established time limits.
Thus, the order on appeal is the same as a temporary restraining order without notice and consequently expired after ten days from its entry. Further, since Fortune failed to proceed with the preliminary injunction after the initial hearing, the trial court was obligated to dissolve the temporary restraining order pursuant to Rule 1.610(b)(3).
However, the temporary restraining order was considered to be continuing in effect by the trial court and the parties. Appellants' motion to dissolve was therefore the appropriate vehicle for raising the issue at hand. Accordingly, the trial court erred in refusing to dissolve the temporary restraining order and we reverse. Rather than remand the case for dissolution of the restraining order, we declare that said order expired after ten days from the date of entry and is therefore of no effect.
REVERSED.
DOWNEY and BERANEK, JJ., concur.