458 So.2d 245 (1984)
In re AMENDMENTS TO RULES OF CIVIL PROCEDURE.
Nos. 65083, 62699.
Supreme Court of Florida.
September 13, 1984.
Rehearing Denied November 15, 1984.
On Petition for Rehearing and Clarification November 15, 1984.
John F. Harkness, Jr., Executive Director, Tallahassee, for The Florida Bar.
Wilfred C. Varn, Chairman, Tallahassee, for The Florida Bar, Civil Procedure Rules Committee.
Bill Wagner, Chairman, Tampa, for The Supreme Court Committee For Study Of Court Documents Disposal.
Henry P. Trawick, Jr. of Trawick & Griffis, Sarasota, responding to petition.
PER CURIAM.
Appended to this order are the amended and new provisions of the Florida Rules of Civil Procedure, including new and amended forms, which will become effective at 12:01 a.m., January 1, 1985. Deletions are indicated by the use of struck-through type; new language is indicated by underscoring.
After full consideration of the recommendations of the Civil Rules Committee, the Board of Governors of The Florida Bar, and many interested members of the Bar, we adopt the changes set forth below. *246 Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules.
Many of the amendments were grammatical or syntactic changes intended to clarify without changing the meaning of the rule. A brief explanation of substantive changes follows.
Subsection (c) was added to Rule 1.060 to provide a method by which actions may be transferred as authorized in the other portions of the rule.
Rule 1.080 was amended to define the date of filing of papers and pleadings in a case for purposes of determining matters of timeliness under these rules.
Rule 1.180, dealing with third-party practice, has been amended to allow the defendant to assert other claims against the third-party defendant.
Rule 1.200 has been substantially amended to provide for a case management conference as a part of pretrial procedure.
Rule 1.310 has been amended to allow depositions to be taken by telephone. Also, in the wake of the 1981 deletion of the requirement of automatic filing of all depositions, confusion arose over the means of obtaining copies of depositions which were filed. The rule has been amended to provide that the party upon whose motion the deposition is filed will bear the initial cost of providing copies to those parties which do not already have them.
Rule 1.340 has been amended in several aspects. Subsection (a) requires the use of form interrogatories where such forms have been adopted by this Court. Additionally, we have adopted the recommendation of Henry P. Trawick, Jr., that initial interrogatories be limited to twenty-five absent leave of the court to exceed that number. Subsection (c) requires that a party electing to produce its records to a party seeking discovery must provide reasonable assistance in helping the discovery party locate the relevant material. The requirement that an original and a copy of the interrogatories be served on the responding party has been deleted from subsection (e).
Finally, subsection (f), which related to propounding interrogatories in the no longer extant Medical Liability Mediation Proceedings, has been deleted.
Rule 1.420 was amended to provide for automatic dissolution of lis pendens upon dismissal of the related action.
Changes made in Rule 1.440 emphasize the court's ability to sever issues for trial in complex third-party practice and delete any distinction between actions in law and equity in the timetable for setting cases for trial.
Subsection (e) of Rule 1.450, proscribing references to insurance coverage or carriers in medical malpractice trials has been deleted. After our 1983 rejection of the Bar's petition to delete subsection (e), the Committee again recommended its deletion and we are now persuaded of the wisdom of that course. See The Florida Bar. In re Rules of Civil Procedure (Deletion of Rule 1.450(e)), 429 So.2d 311 (Fla. 1983).
Rule 1.490 is amended to proscribe reference of a cause to a master without consent of all the parties. Although this may not of late have been the universal practice in Florida, it has long been the law. Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954). This does not affect the use of masters where such use is provided for by statute.
Rule 1.500 now requires the clerk to notify a party attempting to file papers after a default has been entered against him of the entry of that default.
Rule 1.530 defines the point at which time for filing a motion for rehearing or a motion for new trial begins to run.
Rule 1.610, relating to injunctions, has been extensively revised. The practical effect of the 1980 amendment to this rule which authorized temporary restraining orders did not achieve the intended result. Temporary restraining orders entered subject to the rigid time limitations were automatically dissolved when courts were unable to fit the hearings required for imposition of a preliminary injunction into crowded dockets. See, e.g., Sun Tech, Inc. v. Fortune Personnel of Fort Lauderdale, *247 412 So.2d 962 (Fla. 4th DCA 1982). The revised rule does away with temporary restraining orders and restores the former procedure for temporary and permanent injunctions. In response to a concern voiced by the Matrimonial Law Commission, the Committee recommended, and we adopt, the elimination of a bond on a temporary injunction issued to prevent physical injury or abuse to a natural person. Finally, provision is made for a hearing on a motion to dissolve a temporary injunction to be held within five days of the application for a hearing.
Rule 1.630 is entirely new. It tailors procedures related to extraordinary remedies to the trial court. It is designed to complement Rule of Appellate Procedure 9.100.
The forms for final judgment appended to this order have been amended to provide for specifying an interest rate for post-judgment interest.
The Supreme Court has adopted form interrogatories to be used in tort actions arising out of automobile accidents and in marital dissolution cases as provided in amended Rule 1.340.
We have rejected the Committee's proposed amendment to Rule 1.432, dealing with disqualification of judges. The amendment would have added to the rule, "Supporting affidavits are not required." This language is surplusage as nothing in the current rule requires the affidavits. That procedural requirement is a feature of sections 38.02, 38.04 and 38.10, Florida Statutes (1983), and, in view of this Court's continuing refusal to adopt it as a rule of this Court, the statutory requirement is constitutionally invalid.
All rules and statutes in conflict with the following rules are hereby superseded as of the effective date of this revision.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.

RULE 1.060. TRANSFERS OF ACTIONS.
(a) [NO CHANGE]
(b) [NO CHANGE]
(c) Method. The service charge of the clerk of the court to which an action is transferred under this rule shall be paid by the party who commenced the action within 30 days from the date the order of transfer is entered, subject to taxation as provided by law when the action is determined. If the service charge is not paid within the 30 days, the action shall be dismissed without prejudice by the court that entered the order of transfer.

Commentary
1984 Amendment. Because of confusion in some circuits, subdivision (c) is added:
(a) to specify who is to pay the clerk's service charge on transfer;
(b) to provide for the circumstance in which the service charge is not paid; and
(c) to require the dismissal to be by the court which entered the order of transfer.

RULE 1.080. SERVICE OF PLEADINGS AND PAPERS.
(a) [NO CHANGE]
(b) [NO CHANGE]
(c) [NO CHANGE]
(d) [NO CHANGE]
(e) Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date before him on the papers and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge's notation or the clerk's time stamp, whichever is earlier.
(f) [NO CHANGE]
(g) [NO CHANGE]
(h) [NO CHANGE]

*248 Commentary
1984 Amendment. The Committee is recommending an amendment to Rule 1.530(b) to cure the confusion created by Casto v. Casto, 404 So.2d 1046 (Fla. 4th DCA 1980). That recommendation requires an amendment to Rule 1.080(e) specifying that the date of filing is that shown on the face of the paper.

RULE 1.180. THIRD PARTY PRACTICE.
(a) When Defendant May Bring in Third Party Available. At any time after commencement of the action a defendant as a third party plaintiff may cause have a summons and complaint to be served upon a person not a party to the action who is or may be liable to him the defendant for all or part of the plaintiff's claim against him the defendant and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the Plaintiff's claim. The third party plaintiff defendant need not obtain leave of court to make the service if he files the third party complaint not later than twenty days after he serves his original answer,. Otherwise, he the defendant must obtain leave on motion upon and notice to all parties to the action. The person served with the summons and third party complaint, herein called the third party defendant, shall make his defenses to the third party plaintiff's defendant's claim as provided in Rules 1.110 and 1.140 and his counterclaims against the third party plaintiff defendant and cross-claims against other third party defendants as provided in Rule 1.170. The third party defendant may assert against the plaintiff any defenses which that the third party plaintiff defendant has to the plaintiff's claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff defendant. The plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff defendant and the third party defendant thereupon shall assert his defense as provided in Rules 1.110 and 1.140 and his counterclaims and cross-claims as provided in Rule 1.170. Any party may move to strike the third party claim or for its severance or separate trial. A third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third party defendant.
(b) [NO CHANGE]

Commentary
1984 Amendment. Subdivision (a) is amended to permit the defendant to have the same right to assert claims arising out of the transaction or occurrence that all of the other parties to the action have. It overrules the decisions in Miramar Construction, Inc. v. El Conquistador Condominium, 303 So.2d 81, and Richard's Paint Manufacturing Co. v. Onyx Paints, Inc., 363 So.2d 596 to that extent. The term defendant is used throughout instead of third party plaintiff for clarity and brevity reasons and refers to the defendant serving the summons and third party complaint on a third party defendant or, when applicable, to the similar summons and fourth party.

RULE 1.200. PRETRIAL PROCEDURE.
(a) Case Management Conferences. At any time after responsive pleadings or motions are due, the court may itself or on motion of a party convene a case management conference. The matter to be considered shall be specified in the order setting the conference. At such a conference the court may:
(1) schedule or reschedule the service of motions, pleadings and other papers;
(2) set or reset the time of trials, subject to Rule 1.440(c);

*249 (3) coordinate the progress of the action if complex litigation factors are present;
(4) limit, schedule, order or expedite discovery;
(5) schedule or hear motions in limine;
(6) pursue the possibilities of settlement;
(7) require filing of preliminary stipulations if issues can be narrowed;
(8) consider referring issues to a master for findings of fact;
(9) schedule other conferences or determine other matters that may aid in the disposition of the action.
(a) Generally. (b) Pretrial Conference. After the action is at issue, the court itself may of its own motion or shall on the timely motion of any party to the action require the attorneys for the parties to appear before it for a conference to consider and determine:
(1) The the simplification of the issues;
(2) The the necessity or desirability of amendments to the pleadings;
(3) The the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) The the limitation of the number of expert witnesses; and
(5) The advisability of a preliminary reference of issues to a master for findings of fact for use by the court for pretrial purposes,
(6) such other matters as may aid in the disposition of the action,
(5) any matters permitted under subdivision (a) of this rule.
If a party moves for a pretrial conference, the clerk shall transmit a copy of the motion to the judge to whom the action is assigned for trial.
(b) (c) Notice. The court shall serve a copy of its order setting a pretrial conference on the parties not less than 20 days before the conference. Any requests for a conference under this rule shall immediately be transmitted to the appropriate judge by the clerk. Notice of a case management conference shall be served not less than 20 days before the date of the conference, and 20 day's notice shall be given for a pretrial conference. Upon On failure of an attorney for a party to attend the a pretrial conference, the court may dismiss the action, or strike the answer pleadings, limit proof or witnesses or take any such other appropriate action as justice requires. Any documents that will be required for presentation at the pretrial conference the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(e) (d) Pretrial Order. The court shall make an order reciting the action taken at a the conference and any stipulations made.
the amendments allowed to the pleadings and the agreements made by the parties about any of the matters considered and limiting the issues for trial to those not disposed of by admissions or agreements of the parties. The order shall control the subsequent course of the action unless modified at the trial to prevent injustice.

Commentary
1984 Amendment. This is a substantial rewording of Rule 1.200. Subdivision (a) is added to authorize case management conferences in an effort to give the court more control over the progress of the action. All of the matters that the court can do under the case management conference can be done at the present time under other rules or because of the court's authority otherwise. The new subdivision merely emphasizes the court's authority and arranges an orderly method for the exercise of that authority. Subdivisions (a), (b) and (c) of the existing rule are relettered accordingly. Subdivision (a) of the existing rule is also amended to delete the reference to requiring the attorneys to appear at a pretrial conference by referring to the parties for that purpose. This is consistent with the language used throughout the rules and does not contemplate a change in present *250 procedure. Subdivisions (a)(5) and (6) of the existing rule are deleted since they are now covered adequately under the new subdivision (a). Subdivisions (b) and (c) of the existing rule are amended to accommodate the two types of conferences that are now authorized by the rules.

RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY.
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c) of this rule, the frequency of use of these methods is not limited., except as provided in Rule 1.200 and Rule 1.340.
(b) [NO CHANGE]
(c) [NO CHANGE]
(d) [NO CHANGE]
(e) [NO CHANGE]

RULE 1.290.
DEPOSITIONS BEFORE ACTION OR PENDING APPEAL
(a) Before Action.
(1) [NO CHANGE]
(2) [NO CHANGE]
(3) [NO CHANGE]
(4) Use of Deposition. If a A deposition to perpetuate testimony is taken under these this same subject matter subsequently brought in any court of Florida in accordance with the provisions of Rule 1.280 (d). 1.330.
(b) [NO CHANGE]
(c) [NO CHANGE]

RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION.
(a) [NO CHANGE]
(b) Notice of Examination. General Requirements, Special Notice, Non Stenographic Recording, Production of Documents and Things, Deposition of Organization. ;Method of Taking; Production at Deposition.
(b)(1)-(6) [NO CHANGE]
(7) On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at his own initial expense.
(c) [NO CHANGE]
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition under Rule 1.280(c). If the order terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting any party or the deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 1.380(a) apply to the award of expenses incurred in relation to the motion.
(e) Witness Review. If the testimony is transcribed, the deposition transcript shall be submitted furnished to the witness for examination and shall be read to or by him unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness desires wants to make shall be entered upon a separate correction page listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The corrections changes shall be attached to the deposition transcript. *251 It shall then be signed by the witness unless the parties waived the signing or the witness is ill or cannot be found or refuses to sign. If the deposition transcript is not signed by the witness within a reasonable time after its submission it is furnished to him, the officer shall sign it the transcript and state on the record transcript the fact of the waiver, or of the illness, or absence of the witness or the refusal to sign with the any reasons, if any, given therefor. The deposition may then be used as fully as though signed unless on a motion to suppress under Rule 1.330(d)(4) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part, wholly or partly, on motion under Rule 1.330(d)(4).
(f) Filing; Exhibits.
(1) [NO CHANGE]
(2) [NO CHANGE]
(3) A copy of a deposition may be filed only:
(A) By a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be given to all parties, unless notice is waived. A party filing the deposition shall not be required to furnish a copy of the deposition or the part being filed to other parties but shall furnish a copy of the deposition to any party or witness requesting it after payment of the reasonable cost of reproducing the copy by the requesting party or witness. unless the party already has a copy.
(B) If the court determines that a deposition previously transcribed taken is necessary for the determination decision of a matter pending before the court, the court may order that a copy be filed by any party. at the initial cost of the party.
(g) Obtaining Copies. A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies shall be paid to the person by the requesting party or witness.
(g) (h) Failure to Attend or to Serve Subpoena; Expenses.
(1) [NO CHANGE]
(2) [NO CHANGE]

Commentary
1984 Amendment. Subdivision (b)(7) is added to authorize deposition by telephone, with provision for any party to have a stenographic transcription at his own initial expense.
Subdivision (d) is changed to permit any party to terminate the deposition, not just the objecting party.
Subdivision (e) is changed to eliminate the confusing requirement that a transcript be submitted to the witness. The term has been construed as requiring the court reporter to travel, if necessary, to the witness and creates a problem when a witness is deposed in Florida and thereafter leaves the state before signing. The change is intended to permit the parties and the court reporter to handle such situations on an ad hoc basis as is most appropriate.
Subdivision (f) is the Committe's action in response to the petition seeking amendment to Rule 1.310(f) filed in the Supreme Court Case No. 62,699. Subdivision (f) is changed to clarify the need for furnishing copies when a deposition, or part of it, is properly filed, to authorize the court to require a deposition to be both transcribed and filed and to specify that a party who does not obtain a copy of the deposition may get it from the court reporter unless ordered otherwise by the court. This eliminates the present requirement of furnishing a copy of the deposition, or material part of it, to a person who already has a copy in subsection (3)(A).
Subsection (f)(3)(B) broadens the authority of the court to require the filing of a deposition that has been taken, but not transcribed.
Subdivision (g) requires a party to obtain a copy of the deposition from the court *252 reporter unless the court orders otherwise. Generally, the court should not order a party who has a copy of the deposition to furnish it to someone who has neglected to obtain it when the deposition was transcribed. The person should obtain it from the court reporter unless there is a good reason why it cannot be obtained from the reporter.

RULE 1.340. INTERROGATORIES TO PARTIES.
(a) Availability, Procedure for Use. Any party may serve upon any other party written interrogatories to be answered (1) by the party to whom the interrogatories are directed or, (2) if that party is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish the information available to that party. Interrogatories may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading upon that party. Initial interrogatories shall not exceed 25, including all subparts, unless the court permits a larger number on motion and notice and on good cause. However, if the Supreme Court has approved a form of interrogatories for the type of action, the initial interrogatories shall be in the form approved by the Court. Other interrogatories may be added to the approved forms without leave of court, so long as the total of form and additional interrogatories does not exceed 25, but the burden of showing the necessity of the additional interrogatories is on the proponent. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to in which event the reasons for objection shall be stated instead of an answer. The answers shall be signed by the person making them and the objections shall be signed by the attorney making them. The party to whom the interrogatories were are directed shall serve a copy of the answers and any objections within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the process and initial pleading upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 1.380(a) with respect to on any objection to or other failure to answer an interrogatory.
(b) [NO CHANGE]
(c) Option to Produce Business Records. When the answer to an interrogatory may be derived or ascertained from the records of the party to whom the interrogatory is directed or from an examination, audit or inspection of the records or from a compilation, abstract or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit or inspect the records and to make copies, compilations, abstracts or summaries is a sufficient answer. An answer shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or shall identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced.
(d) [No Change]
(e) Form. Service and filing. Interrogatories shall be arranged so that a blank space is provided after each separately numbered interrogatory. The space shall be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional papers with answers and refer to them in the space *253 provided in the interrogatories. The original and a copy of the interrogatories shall be served on the party to whom the interrogatories are directed and copies shall be served on all other parties. A certificate of service notice that of the interrogatories have been served, shall be filed, giving the date of service, the number of interrogatories served and the name of the party to whom they were directed shall be filed. The completed answers to the interrogatories shall be served upon the party originally propounding the interrogatories and a copy shall be served upon all other parties by the answering party. The original or any copy of the answers to interrogatories may be filed by any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.
(f) Use of Answers to Interrogatories Propounded in Medical Liability Mediation Proceedings. If a civil action is afterward brought, answers to interrogatories propounded in a medical liability mediation proceeding may be used in the civil action as if originally propounded in it.

Commentary
1984 Amendment. Subdivision (a) is amended by adding the reference to approved forms of interrogatories. The intent is to eliminate the burden of unnecessary interrogatories.
Subdivision (c) is amended to add the requirement of detail in identifying records when they are produced as an alternative to answering the interrogatory or to designate the persons who will locate the records.
Subdivision (e) is changed to eliminate the requirement of serving an original and a copy of the interrogatories and of the answers in light of the 1981 amendment that no longer permits filing except in special circumstances.
Subdivision (f) is to be deleted since the Medical Liability Mediation Proceedings have been eliminated.

RULE 1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS.
(a) [NO CHANGE]
(b) [NO CHANGE]
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof that may include attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 1.370(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter or (4) there was other good reason for the failure to admit.
(d) [NO CHANGE]

RULE 1.420. DISMISSAL OF ACTIONS.
(a) Voluntary Dismissal, Effect Thereof
(1) By Parties. Except in actions wherein in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, *254 except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. If a lis pendens has been filed in the action, a notice or stipulation of dismissal under this paragraph shall be recorded and cancels the lis pendens without the necessity of an order of court.
(2) [NO CHANGE]
(b) [NO CHANGE]
(c) [NO CHANGE]
(d) [NO CHANGE]
(e) [NO CHANGE]
(f) Effect on Lis Pendens. If a notice of lis pendens has been filed in an action that is dismissed under this rule, a notice of lis pendens is automatically dissolved at the same time. The notice, stipulation or order shall be recorded.

Commentary
1984 Amendment. A perennial real property title problem occurs because of the failure to properly dispose of notices of lis pendens in the order of dismissal. Accordingly, the reference in subdivision (a)(1) with a disposition of notices of lis pendens has been deleted and a separate subdivision created to automatically dissolve notices of lis pendens whenever an action is dismissed under this rule.

RULE 1.440. SETTING CASE ACTION FOR TRIAL.
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of cross-claims among the parties shall not prevent the court from setting the action for trial on the issues raised by the complaint, answer and any answer to a counterclaim.
(b) [NO CHANGE]
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than thirty 30 days from the service of the notice specified in subdivision (b). By giving the same notice, the court may set an action for trial on its own motion. In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).
(d) [NO CHANGE]

Commentary
1984 Amendment. Subdivision (a) is amended by adding a sentence to emphasize the authority given in Rule 1.270(b) for the severing of issues for trial.
Subdivision (c) is amended to delete the reference to law actions so that the rule will apply to all actions in which unliquidated damages are sought.

RULE 1.450. EVIDENCE
(a) [NO CHANGE]
(b) [NO CHANGE]
(c) [NO CHANGE]
(d) [REPEALED  SEE 403 So.2d 926]
(e) Reference to Insurance in Medical Malpractice Actions. In any civil medical malpractice action, the trial on the merits shall be conducted without any reference to insurance, to insurance coverage, or to the joinder of an insurer as co-defendant in the suit.

Commentary
1984 Amendment. Subdivision (d) was repealed by the Supreme Court; see 403 So.2d 926.
Subdivision (e): This rule was originally promulgated by the Supreme Court in Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976).
In the Florida Bar, in re Rules of Civil Procedure, 391 So.2d 165 (Fla. 1980), the Court requested the committee to consider the continued appropriateness of Rule 1.450(e). In response, the committee recommended its deletion. After oral argument in The Florida Bar: In re Rules of Civil Procedure, 429 So.2d 311, the Court specifically declined to abolish the rule or *255 to adopt a similar rule for other types of actions.
The committee again considered Rule 1.450(e) in depth and at length and again recommends its deletion for the reason that no exception should be made in the rule to a particular type of action.
Subdivision (f): The West's Desk Copy Florida Rules of Court, at page 66 points out:
"The per curiam opinion of the Florida Supreme Court of June 21, 1979 (403 So.2d 926) provides: `On March 8, 1979, the Court proposed new Rule 1.450(f) of the Florida Rules of Civil Procedure which would provide for the disposal of exhibits and depositions in civil matters. Absent further action by the Court, the proposed rule was to become effective July 2, 1979. The Court has carefully considered the responses received regarding proposed Rule 1.450(f) and now feels that the July 2, 1979, effective date does not allow sufficient time for full reflection on matters raised in these responses. Therefore, the effective date for Rule 1.450(f) is, by this order, delayed until further order of the Court.'"
The retention of court records is the subject of Judicial Administration Rule 2.075.

RULE 1.490. MASTERS.
(a) [NO CHANGE]
(b) [NO CHANGE]
(c) Reference. No reference shall be to a master, either general or special, without the consent of the parties. When a reference is made to a master, either party may set the action for hearing before him.
(d) [NO CHANGE]
(e) [NO CHANGE]
(f) [NO CHANGE]
(g) [NO CHANGE]
(h) [NO CHANGE]

Commentary
1984 Amendment. The consent of all parties is required for any reference to a special master. Special masters may be used as provided by statute even with the rule change. See, Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954).

RULE 1.500. DEFAULTS AND FINAL JUDGMENTS.
(a) [NO CHANGE]
(b) [NO CHANGE]
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default attempts to file files any paper after a the default is entered except under subdivision (d), the clerk shall return the paper to the party and notify him the party of the entry of the default. The clerk shall make an entry on the progress docket of the action taken showing the notification.
(d) [NO CHANGE]
(e) [NO CHANGE]

Commentary
1984 Amendment. Subdivision (c) is amended to change the method by which the clerk handles papers filed after a default is entered. Instead of returning the papers to the party in default, the clerk will now be required to file them and merely notify the party that a default has been entered. The party can then take whatever action the party believes is appropriate.
This is to enable the court to judge the effect, if any, of the filing of any paper upon the default and the propriety of entering final judgment without notice to the party against whom the default was entered.

RULE 1.530. MOTIONS FOR NEW TRIALS, REHEARING AND AMENDMENTS OF JUDGMENTS.
(a) [NO CHANGE]
(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the rendition return of the verdict in a jury action or the entry of date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
(c) [NO CHANGE]
(d) [NO CHANGE]

*256 (e) [NO CHANGE]
(f) [NO CHANGE]
(g) [NO CHANGE]

Commentary
1984 Amendment. (b) This clarifies the time in which a motion for rehearing may be served. It specifies that the date of filing as shown on the face of the judgment in a non-jury action is the date from which the time for serving a motion for rehearing is calculated.
There is no change in the time for serving motion for new trial in a jury action, except the motion may be served before the rendition of the judgment.

RULE 1.610. INJUNCTIONS.
(a) Preliminary Injunction. No preliminary injunction shall be issued without notice to the adverse party. The court may order the hearing on an application for a preliminary injunction consolidated with the trial of the action on the merits and may advance the trial.
(b) (a) Temporary Restraining Order. Injunction.
(1) A temporary restraining order injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary restraining order injunction unless the adverse party appears at the hearing. or has received reasonable notice of the hearing. Every temporary restraining order injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why it the injury may be irreparable and give the reasons why the order was granted without notice if notice was not given. and shall expire within the time after entry, not to exceed ten days, that the court fixes. The time for expiration may be extended for good cause shown or if the adverse party consents. Unless consented to, the reasons for an extension of the temporary restraining order shall be specified in the order extending the time and the order shall be filed with the clerk. The temporary injunction shall remain in effect until the further order of the court.
(3) When a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set for hearing at the earliest possible time and shall take precedence over all matters except older matters of the same character. When the motion is heard, the party who obtained the temporary restraining order shall proceed with the motion for preliminary injunction. If he does not do so, the court shall dissolve the temporary restraining order.
(4) On three days notice to the party who obtained the temporary restraining order without notice or on shorter notice if the court directs, the adverse party may appear and move for dissolution or modification of the temporary restraining order. The court shall hear and determine the motion as expeditiously as possible.
(e) (b) Bond. No restraining order or preliminary temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. or restrained. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court, in its discretion having due regard to the public interest, may require or dispense with the requirement of a bond, with or without surety, and conditioned as the circumstances *257 may require, in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
(d) (c) Form and Scope. Every injunction and temporary restraining order shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document and shall be binding on the parties to the action, their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of the order injunction.
(e) (d) Motion to Dissolve. A party against whom a restraining order or an temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.

Commentary
1984 Amendment. Considerable dissatisfaction arose on the adoption of the 1980 rule, particularly because of the creation of the temporary restraining order with its inflexible time limits. See Sun Tech, Inc. v. Fortune Personnel of Ft. Lauderdale, 412 So.2d 962. The attempt to balance the rights of the parties in 1980 failed because of court congestion and the inability in the existing circumstances to accommodate the inflexible time limits. These changes will restore injunction procedure to substantially the same as that existing before the 1980 change. The temporary restraining order terminology and procedure is abolished. The former procedure of temporary and permanent injunctions is restored. The requirement of findings and reasons and other details in an injunctive order are retained.
Subdivision (b) eliminates the need for a bond on a temporary injunction issued to prevent physical injury or abuse of a natural person.
Subdivision (e) institutes a requirement that a motion to dissolve an injunction shall be heard within five days after the movant applies for it. This provision emphasizes the importance of a prompt determination of the propriety of injunctive relief granted without notice or, if the circumstances have changed since the issuance of the injunctive order, the need for speedy relief as a result of the changes. Former subdivisions (a) and (b)(3) and (4) have been repealed because the new procedure makes them superfluous. The right of the court to consolidate the hearing on a temporary injunction with the trial of the action is not affected because that can still be accomplished under Rule 1.270(a).

RULE 1.630. EXTRAORDINARY REMEDIES.
(a) Applicability. This rule applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, certiorari and habeas corpus.
(b) Initial Pleading. The initial pleading shall be a complaint. It shall contain:
(1) the facts on which the plaintiff relies for relief;
(2) a request for the relief sought; and
(3) if desired, argument in support of the petition with citations of authority.
The caption shall show the action filed in the name of the plaintiff in all cases and not on the relation of the state. When the complaint seeks a writ directed to a lower court or to a governmental or administrative agency, a copy of as much of the record as is necessary to support the plaintiff's complaint shall be attached.
(c) Time. A complaint shall be filed within the time provided by law, except that a complaint for common law certiorari shall be filed within 30 days of rendition of the matter sought to be reviewed.
(d) Process. If the complaint shows a prima facie case for relief, the court shall issue:
(1) a summons in certiorari;
(2) an order nisi in prohibition;

*258 (3) an alternative writ in mandamus that may incorporate the complaint by reference only;
(4) a writ of quo warranto; or
(5) a writ of habeas corpus.
The writ shall be served in the manner prescribed by law, except the summons in certiorari shall be served as provided in Rule 1.080(b).
(e) Response. Defendant shall respond to the writ as provided in Rule 1.140, but the answer in quo warranto shall show better title to the office when the writ seeks an adjudication of the right to an office held by the defendant.

Commentary
1984 Amendment. Rule 1.630 replaces rules and statutes used before 1980 when the present Rules of Appellate Procedure were adopted. Experience has shown that Rule 9.100 is not designed for use in trial court. The times for proceeding, the methods of proceeding and the general nature of the procedure is appellate and presumes that the proceeding is basically an appellate proceeding. When the extraordinary remedies are sought in the trial court, these items do not usually exist and thus the rule is difficult to apply. The uniform procedure concept of Rule 9.100 has been retained with changes making the procedure fit trial court procedure. The requirement of attaching a copy of the record in subdivision (b) may not be possible within the time allowed for the initial pleading because of the unavailability of the record. In that event the plaintiff should file a motion to extend the time to allow the preparation of the record and supply it when prepared. The filing of a motion to extend the time should be sufficient to extend it until the motion can be decided by the court.
FORM 1.976. STANDARD INTERROGATORIES.
The forms of Florida standard interrogatories approved by the Supreme Court shall be used in the actions to which they apply, subject to the requirements of Rule 1.340.
FORM 1.988. JUDGMENT AFTER DEFAULT.
(a) General Form. This form is the general form for a judgment after default, not including recovery for prejudgment interest and attorney's fees:
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff, _____________, recover from defendant, _____________, the sum of $ _____________ with costs in the sum of $ ____________, that shall bear interest at the rate of ________% a year for which let execution issue.
ORDERED in ____________________, Florida, on _______________, 19__.
 ______________________
 Judge
(b) Form with Interest and Fees. This form is for judgment after default including prejudgment interest and attorney's fees recovered:
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff, _______________, recover from defendant, _______________, the sum of $ ________________ on principal, $ ________________ for interest, $ ___________________ for attorney's fees with costs in the sum of $ ________________ making a total of $ _____________, that shall bear interest at the rate of ________% a year for which let execution issue.
ORDERED in __________________, Florida, on ___________________, 19__.
 ______________________
 Judge
FORM 1.990. FINAL JUDGMENT FOR PLAINTIFF. JURY ACTION FOR DAMAGES.

*259 FINAL JUDGMENT
Pursuant to the verdict rendered in this action
IT IS ADJUDGED that plaintiff, _____ ________________, recover from defendant, ____________________, the sum of $ _____________ with costs in the sum of $ ____________, making a total of $ _____________, that shall bear interest at the rate of _______% a year for which let execution issue.
ORDERED in _________________, Florida, on ___________, 19__.
 ______________________
 Judge
FORM 1.991. FINAL JUDGMENT FOR DEFENDANT. JURY ACTION FOR DAMAGES.
FINAL JUDGMENT
Pursuant to the verdict rendered in this action
IT IS ADJUDGED that plaintiff, ____________, take nothing by this action and that defendant, _____________, go hence without day and recover costs from plaintiff in the sum of $ ___________ that shall bear interest at the rate of ________% a year for which let execution issue.
ORDERED in ________________, Florida, on ____________, 19__.
 ______________________
 Judge
FORM 1.994. FINAL JUDGMENT FOR DEFENDANT. GENERAL FORM. NON-JURY.
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED that plaintiff, ____________, take nothing by this action and that defendant, ______________, go hence without day and recover costs from plaintiff in the sum of $ __________ that shall bear interest at the rate of ________% a year for which let execution issue.
ORDERED in ________________, Florida, on ___________, 19__.
 ______________________
 Judge
FORM 1.996. FINAL JUDGMENT OF FORECLOSURE.
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED THAT:
1. Plaintiff, ______________, is due ____________ _____ as principal, $ __________________ as interest to date of this judgment, $ ___________________ for title search expense, $ _____________________ for taxes, $ ____________________ for insurance premiums, $ _____________________ for attorney's fees with $ ___________________ for court costs now taxed, less $ _____________ for undisbursed escrow funds and less $ ____________________ for unearned insurance premiums, under the note and mortgage sued on in this action making a total sum of $ ____________, that shall bear interest at the rate of _______% a year.
2. Plaintiff holds a lien for the total sum superior to any claim or estate of defendant, _______________, on the following described property in _____________ County, Florida:
(describe property)
3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on __________, 19__, between 11:00 a.m. and 2:00 p.m. to the highest bidder for cash, except as prescribed in paragraph 4, at the _________ door of the courthouse in _____________ County in _______________ Florida in accordance with section 45.031, Florida Statutes.
4. Plaintiff shall advance all subsequent costs of this action and shall be *260 reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.
5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.
6. On filing the certificate of title defendant and all persons claiming under or against him since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.
7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, writs of possession and deficiency judgment.
ORDERED in ____________________, Florida, on ________________, 19__.
 ______________________
 Judge

APPENDIX

Subject Actions to Which Applicable
Standard Interrogatories Tort  automobile accident 
 Form 1 interrogatories to plaintiff
Standard Interrogatories Tort  automobile accident 
 Form 2 interrogatories to defendant
Standard Interrogatories Marriage dissolution  interrogatories
 Form 3 to party
STANDARD INTERROGATORIES FORM 1 AUTOMOBILE
 NEGLIGENCE-INTERROGATORIES TO PLAINTIFF
 1. What is your name, address and, if you are answering for
someone else, your official position?
 2. Describe in detail, each act or omission on the part of
defendant you contend constituted negligence that was a
contributing legal cause of the accident in question.
 3. List the names and addresses of all persons who are believed
or known by you, your agents or attorneys to have any knowledge
concerning any of the issues raised by the pleadings and specify
the subject matter about which the witness has knowledge.
 4. List the name, residence address, business address and
telephone number of each person believed or known by you, your
agents or attorneys to have heard or who is purported to have
heard the defendant make any statement, remark or comment
concerning the accident described in the complaint and the
substance of each statement, remark or comment.
 5. Did any mechanical defect in the motor vehicle you were
driving at the time of the accident contribute to the occurrence
of the accident? If so, what was the nature of the defect?
 6. Were you suffering from physical infirmity, disability, or
sickness at the time of the occurrence of the accident described
in the complaint? If so, what was the nature of the infirmity,
disability, or sickness?
 7. Did you consume any alcoholic beverages or take any drugs or
medications within 12 hours before the occurrence of the accident
described in the complaint? If so, what type and amount of
alcoholic beverages, drugs or medication were consumed and where
did you consume them?
 8. Have you ever been convicted of a crime? If so, what was the
date and place of conviction?
 9. Do you wear glasses or contact lenses? If so, who prescribed
them, when were they prescribed, when were your eyes last
examined and by whom?
 10. Do you wear a hearing aid? If so, who last examined your
ears?
 11. Describe in detail how the accident happened, including all
actions taken by you to prevent the accident.
*261 12. List each item of expense that you claim to have incurred
as a result of the injuries sued on in this action, giving for
each item the date incurred, to whom owed or paid and the goods
or services for which each was incurred.
 13. Do you contend that you have lost any form of compensation
as a result of the injuries sued on in this action? If so, what
was the amount lost, the period during which it was lost, the
nature of the compensation and the method that you used in
computing the amount?
 14. Have any benefits been paid or are any payable for the
expenses listed in your answers to interrogatories 11 and 12
above? If so, which expenses are covered by insurance, what type
of insurance, and who paid the premium for the insurance.
 15. Describe each injury for which you are claiming damages in
this case specifying the part of your body that was injured; the
nature of the injury; and, as to any injuries you contend are
permanent, the effects on you that you claim are permanent.
 16. List each physician who has treated you and each medical
facility where you have received any treatment for the injuries
for which you seek damages in this case, giving the dates that
the treatment was received and stating which of the injuries
described in your answer to interrogatory 15 the treatment was
rendered for.
 17. Do you intend to call any non-medical expert witnesses at
the trial of this case? If so, identify each witness; describe
his qualifications as an expert; state the subject matter upon
which he is expected to testify; state the substance of the facts
and opinions to which he is expected to testify; and give a
summary of the grounds for each opinion.
 18. List the names, business addresses and business telephone
numbers of all medical doctors by whom, and all hospitals at
which, you have been examined and/or treated in the past 5 years.
 19. List the names, addresses, phone numbers and rate of pay
for all employers for whom you have worked in the past 5 years.
STANDARD INTERROGATORIES FORM 2 AUTOMOBILE
 NEGLIGENCE-INTERROGATORIES TO DEFENDANT
 1. What is your name, address and, if you are answering for
someone else, your official position?
 2. Describe in detail, each act or omission on the part of
plaintiff you contend constituted negligence that was a
contributing legal cause of the accident in question.
 3. List the names and addresses of all persons believed or
known by you, your agents or attorneys to have any knowledge
concerning any of the issues raised by the pleadings and specify
the subject matter about which the witness has knowledge.
 4. List the name, residence address, business address and
telephone number of each person believed or known by you, your
agents or attorneys to have heard or who is purported to have
heard the plaintiff make any statement, remark or comment
concerning the accident described in the complaint and the
substance of each statement, remark or comment.
 5. Did any mechanical defect in the motor vehicle you were
driving at the time of the accident contribute to the occurrence
of the accident? If so, what was the nature of the defect?
 6. Were you suffering from physical infirmity, disability or
sickness at the time of the occurrence of the accident described
in the complaint? If so, what was the nature of the infirmity,
disability, or sickness?
 7. Did you consume any alcoholic beverages or take any drugs or
medication within 12 hours before the occurrence of the accident
described in the complaint? If so, what type and amount of
alcoholic beverages, drugs, or medications were consumed and
where did you consume them?
 8. Have you ever been convicted of a crime? If so, what was the
date and place of conviction?
*262 9. Do you wear glasses or contact lenses? If so, who prescribed
them, when were they prescribed, when were your eyes last
examined and by whom?
 10. Do you wear a hearing aid? If so, who last examined your
ears?
 11. List the name and address of all persons or corporations
who were the registered title owners or who had any legal or
equitable interest in the motor vehicle that you were driving on
the date of the accident described in the complaint.
 12. Were you charged with any violation of law arising out of
the incident referred to in the complaint? If so:
 a. what plea did you enter to the charge;
 b. what court was the charge heard in;
 c. what was the nature of the charge;
 d. was the testimony at any trial on the charge
 recorded in any manner, and, if so, what was the name
 and address of the person who recorded the testimony?
 13. Did you have liability insurance coverage that protects you
from the damages sought by the complaint? If so:
 a. what is the name of the insurance company having
 the coverage;
 b. what is the extent of coverage provided in the
 policy or policies of insurance, including coverage
 for both personal injury and property damage;
 c. what is the policy number of each policy?
 14. Describe in detail how the accident happened, including all
actions taken by you to prevent the accident.
 15. Do you intend to call any non-medical expert witnesses at
the trial of this case? If so, please identify each witness;
describe his qualifications as an expert; state the subject
matter upon which he is expected to testify; state the substance
of the facts and opinions to which he is expected to testify, and
give a summary of the grounds for each opinion.
 16. List the names, business addresses and business telephone
numbers of all medical doctors by whom, and all hospitals at
which, you have been examined and/or treated in the past 5 years.
STANDARD INTERROGATORIES FORM 3 MARRIAGE
 DISSOLUTION-INTERROGATORIES TO PARTY
1. EMPLOYMENT.
 a. State the name and address of your present
 employer.
 b. State the commencement of your present employment.
 c. Describe your position or job.
 d. State the names and addresses of your employers
 for the past three years.
2. INCOME.
 a. State your gross annual earned income, from all
 sources, for each of the last three years. Identify
 source and amount from each source.
 b. State when you are paid and indicate for each pay
 period your gross salary and wages, itemize the
 deductions from your gross salary or wages and your
 net salary or wages.
 c. Set forth any additional compensation, including,
 but not limited to, overtime, bonuses, profit
 sharing, insurance, expense account, automobile or
 automobile allowance, which you have received from
 your employer or anticipate receiving.
 d. State your total annual income in each of the past
 three years.
 e. Itemize all other income or support payments
 received.
3. ASSETS.
 a. Describe by legal description and addresses all
 real property which you own, or in which you have an
 interest, setting forth the percentage of your
 interest in each parcel. For each parcel, state date
 of purchase, purchase price and present market value.
 b. List the names and address of all persons or
 entities which own an interest with you in the
 parcels of real property described in the foregoing
 sub-paragraph and describe such interest.
 c. List all of the items of tangible personal
 property, including, but not limited
*263 to, motor vehicles, furniture, boats, jewelry or art
 objects which are owned by you or in which you have
 an interest. State your estimate of value for each
 item.
 d. List the names and addresses of the persons who
 own an interest with you in the items of tangible
 personal property described in the foregoing
 sub-paragraphs and describe such interest.
 e. List all accounts in which you have deposited
 money in your name or jointly with another person
 within the last 12 months.
 f. As to the accounts set forth in the foregoing
 answer, set forth the account numbers, the cash
 balances and the persons and their addresses who are
 authorized to withdraw funds in said accounts.
 g. List all intangible personal property, including
 but not limited to, stocks, bonds and mortgages owned
 by you or in which you have had an interest within
 the last two years.
 State percentage of your interest and the present
 value of such interest.
 h. List the names and addresses of persons or
 entities indebted to you and the nature and amount of
 their obligations to you.
 i. List all other assets which you own, having an
 interest in or the use and benefit of, setting forth
 your interest and value thereof.
 j. Describe in detail, including the cash value, all
 insurance policies of which you are the owner or
 beneficiary, including, but not limited to, health,
 disability and life insurance. As to each policy,
 list the issuing insurance company and policy number.
4. LIABILITIES.
 a. List all liabilities, debts and other obligations,
 indicating for each whether it is secured or
 unsecured, and, if secured, the nature of the
 security, setting forth the payment schedule as to
 each and the name and address of each creditor.
 b. List all credit cards issued to you. Give the
 balance owed and present minimum monthly payment owed
 to each of such credit card companies and the account
 number for each account.
 c. As to each creditor, set forth the current status
 of your payments and total amount of arrearage, if
 any.
5. LIVING EXPENSES.
 a. Attach a completed Financial Statement, in
 accordance with Rule 1.611, Fla. R.Civ.P. See Form
 1.975, Fla.R.Civ.P.
 b. State the amount of money contributed monthly,
 directly or indirectly, for the support of your
 spouse or other dependents for the past year next
 preceding the answers to these interrogatories.
6. MISCELLANEOUS.
 a. State your full name, current address, date of
 birth and social security number.
 b. State the condition of your health and the name
 and address of all health care providers who have
 examined or treated you within the last 12 months.
 State the same information for each child, if any.
 ON PETITION FOR REHEARING AND CLARIFICATION
 We have received several petitions for rehearing and/or
clarification. We deny all petitions for rehearing but we adopt
two suggestions for clarification.
 We recognize the propriety of allowing the Committee
responsible for proposing the Civil Rules to adopt and promulgate
its own committee notes. We therefore retitle those passages
heretofore designated as 1984 committee notes as "Commentary." As
noted before, the purpose of the commentary is explanatory only;
it is not adopted as part of the rules themselves.
 We also withdraw the last sentence of the Court's opinion: "Any
statute not in conflict shall remain in effect as a rule
promulgated by the Supreme Court."
 It is so ordered.