482 So.2d 454 (1986)
Daniel WEINTRAUB, Appellant,
v.
Seymour ALTER, Appellee.
No. 85-2559.
District Court of Appeal of Florida, Third District.
January 14, 1986.
*455 Louis Winter, Miami, for appellant.
Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, and W. Barry Blum, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.

ON RULE TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED
HUBBART, Judge.
This is an appeal from a final judgment rendered on October 7, 1985, in the Circuit Court for the Eleventh Judicial Circuit of Florida. The notice of appeal contains a file stamp of the circuit court clerk which indicates that the notice was filed below on November 13, 1985  37 days subsequent to the rendition of the final judgment appealed from. Upon receipt of said notice, this court sua sponte issued a rule to show cause why the appeal should not be dismissed as having been untimely filed under Fla.R.App.P. 9.110(b). The appellant Daniel Weintraub has since filed a response to this rule, together with two supporting affidavits of the said appellant and his counsel. The appellee Seymour Alter has filed a reply to this response in which he requests that the appeal be dismissed as being untimely filed; he has also filed one supporting affidavit of a deputy clerk of the circuit court below.
The uncontradicted facts as revealed in the above-stated affidavits raise one central question for review. Briefly stated, this question is whether a notice of appeal is timely filed under Fla.R.App.P. 9.110(b) when (a) the appellant presents the notice for filing to the clerk of the trial court on the 30th day subsequent to the rendition of the final judgment appealed from, and (b) the clerk's office refuses to accept the notice for filing on the ground that the required filing fee simultaneously tendered by the appellant is in cash, rather than in the form of a check or money order. We hold that the notice of appeal is timely filed under these circumstances as the clerk of a trial court has no discretionary authority to refuse to accept a notice of appeal for filing in such a case. We accordingly discharge our rule to show cause and deny the appellee's request to dismiss the appeal.

I
As previously stated, the sworn facts revealed by the three affidavits filed by the parties are entirely undisputed. On November 6, 1985  the 30th and last day to file the notice of appeal from the October 7, 1985 final judgment  the appellant Daniel Weintraub came to the office of his counsel, Louis Winter, and discussed the instant case. Mr. Winter prepared a notice of appeal herein and instructed the appellant Weintraub to file the notice that day with the appellate section of the circuit court clerk's office at the Dade County Courthouse. The appellant Weintraub had $127.00 in cash, which was sufficient funds to pay the filing fee for the notice. Mr. Winter mistakenly believed that the clerk's office would accept cash for the filing fee, rather than requiring a check or money order.
The appointment with Mr. Winter had been in the afternoon. After leaving Mr. Winter's office, the appellant Weintraub *456 immediately went to the clerk's office of the circuit court at the Dade County Courthouse, arriving there at approximately 3:30-4:00 P.M. on November 6, 1985. He presented the notice plus $127.00 in cash to a clerk of the appellate section of the clerk's office. The deputy clerk on duty, Janet Milligan, informed the appellant Weintraub that the clerk's office would not accept the filing fee in cash and declined to accept the notice of appeal for filing. The appellant Weintraub did not inform the clerk that this was the last day for filing the notice as he was unaware of this fact. Mr. Winter, his counsel, had not so advised him on the theory that it was unnecessary to do so under the circumstances. The clerk avers that if the appellant Weintraub had advised her of the urgency of the situation, the notice would have been accepted for filing upon a promise by appellant to pay the filing fee by check or money order the next day. Given this comedy of errors, the appellant Weintraub then left the clerk's office for the day with the notice of appeal and filing fee in hand.
Several days later, the appellant Weintraub advised Mr. Winter, his counsel, of the above-mentioned unsuccessful effort to file the notice  not realizing, of course, that the 30-day time limit for filing an appeal in this cause had ostensibly run. Whereupon, the appellant Weintraub and Mr. Winter went directly to the circuit court clerk's office and this time were able to file the notice of appeal upon tender of a check for the appropriate filing fee. The clerk's office immediately stamped the notice as having been filed on November 13, 1985 at 3:20 P.M.  37 days subsequent to the rendition of the final judgment appealed from. This court's rule to show cause, and the appellee's request for a dismissal of the appeal, followed.

II
Article V, Section 2(a) of the Florida Constitution provides that "[t]he supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review... ." Pursuant to this constitutional authority, the Florida Supreme Court has adopted Fla.R.App.P. 9.110(b) which provides the following time limit within which to appeal from a final judgment or final order:
"(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." (emphasis added).
The law is well-settled that the failure to invoke the jurisdiction of the appellate court within the time prescribed by the appropriate supreme court rule divests the appellate court of jurisdiction to review the cause. Salinger v. Salinger, 100 So.2d 393 (Fla. 1958); § 59.081(2), Fla. Stat. (1983).
The clerk of a trial court has no discretionary authority to refuse to accept a notice of appeal for filing on the ground that it is not accompanied by the required filing fee. On the contrary, the said clerk has a non-discretionary duty to accept such a notice for filing when tendered by a party under these circumstances  although the appellate court may later, upon proper notice, dismiss the appeal for the non-payment of, or inexcusable negligence in paying, the required filing fee, unless the appellant is adjudicated insolvent for appellate purposes as provided by law. Moreover, the subsequent deposit of the required filing fee after the running of the appeal time limit does not affect the jurisdiction of the appellate court to entertain the appeal. Williams v. State, 324 So.2d 74, 77 (Fla. 1975);[1] Fla.R.App.P. 9.040(h).
*457 A notice of appeal is generally deemed filed on the date it is actually filed with the clerk of the trial court. This date is presumptively shown by the filing date which the clerk of the trial court stamps on the face of the notice  although this is not a conclusive showing and may be rebutted by other evidence. Where, as here, a notice of appeal is tendered for filing with the clerk of the trial court but is refused by the said clerk, the notice is deemed filed on the date it is so tendered  notwithstanding the appearance of a later filing date which is stamped by the said clerk on the face of the notice. See, e.g., Mayers v. The Bankers Life Co., 421 So.2d 785 (Fla. 2d DCA 1982); Cook v. Walgreen Co., 399 So.2d 523, 524 (Fla. 2d DCA 1981); Knee v. Smith, 313 So.2d 117, 118 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 726 (Fla. 1976); accord Graves v. General Insurance Co., 381 F.2d 517 (10th Cir.1967); People ex rel. Trost v. Bird, 184 A.D. 779, 172 N.Y.S. 412 (N.Y. App. Div. 1918).

III
Turning to the instant case, we have no trouble in concluding that the notice of appeal herein was timely filed within 30 days of the rendition of the final judgment appealed from as required by Fla.R.App.P. 9.110(b). Although the face of the notice contains a file stamp of the circuit court clerk indicating that the notice was filed on November 13, 1985 or 37 days after the rendition of the final judgment appealed from, the affidavits filed in this court establish without dispute that the notice was tendered for filing with the circuit court clerk, but refused by the said clerk, on November 6, 1985 or 30 days after the rendition of the said final judgment. The notice is therefore deemed filed on the date it was tendered to the circuit court clerk  as, plainly, the clerk below had no discretionary authority under the law to refuse to file the notice. This, of course, means that the notice was timely filed within the 30-day time limit established by Fla.R. App.P. 9.110(b).
Moreover, it is dubious whether the clerk was correct in refusing to accept the filing fee when tendered below in cash, because the applicable rule  Fla.R.App.P. 9.040(f)  does not appear to prohibit the payment of an appellate filing fee in cash; the rule merely permits, but does not mandate, that the appellate filing fee be paid by check or money order.[2] In any event, the clerk was clearly in error in refusing to file the notice of appeal based on this claimed defect in the filing fee payment, and the notice must therefore be deemed timely filed when tendered to the clerk.
The rule to show cause is discharged, and the appellee's request that the appeal be dismissed is denied.
NOTES
[1] the passage of time has shown us that this compromise (vesting the clerks with discretionary power) has not accomplished its intended purpose. In retrospect, we can see that the clerks should not be burdened with a decision which requires the exercise of judicial power. Thus, we now recede from our decision in Thomas v. City of Gainesville, supra, as to the discretionary power vested in the clerks to either accept or reject a notice of appeal absent the simultaneous payment of the requisite filing fee or the filing of an adjudication of insolvency. Henceforth, the notice of appeal timely filed without simultaneous payment of the filing fee or the filing of an adjudication of insolvency shall act to vest jurisdiction in the respective appellate court. Consequently, our holding in City of Gainesville v. Thomas, supra, at 833, is modified as follows:
`While timely filing of notice of appeal is jurisdictional, the timely deposit of the required filing fee (or adjudication of insolvency) is not. We do not mean to imply by this that the deposit of the fee (or adjudication of insolvency) is not mandatory for we are of the opinion that it is. The subsequent deposit of the fee after the running of the appeal time limit will not affect the jurisdiction of the appellate court.' (Explanation added)
The sanction for the refusal, or inexcusable negligence of the appellant in ultimately paying the required filing fee or filing the insolvency adjudication lies within the discretion of the appellate court. Accordingly, an appellate court may, after reasonable notice to the appellant, dismiss the appeal."
Williams v. State, supra, at 77 (emphasis added).
[2] "Filing fees may be paid by check or money order." Fla.R.App.P. 9.040(f) (emphasis added). The committee note to this rule states that "[s]ection (f) permits payment of filing fees by check or money order and carries forward the substance of former Rule 3.2(a), which allowed payments in cash."