593 So.2d 1209 (1992)
Dexter BROOKS, a minor BY and Through Gwendolyn McCOOK, a parent, Appellant,
v.
Mike ELLIOTT, et al., Appellees.
No. 91-830.
District Court of Appeal of Florida, Fifth District.
February 21, 1992.
Jacob A. Rose of Haygood, Williams & Rose, P.A., West Palm Beach, for appellant.
Michael S. Reeser of Bugg, Dayton & Reeser, P.A., of Clearwater, for appellees.
RICHARDSON, E., Associate Judge.
This is an appeal of an order dismissing appellant's complaint with prejudice. The trial court found as a matter of law that the cause of action was barred by the applicable statute of limitations. Further, the trial court ruled that dismissal was appropriate because appellant failed to comply with the three year notice requirement of section 768.28, Florida Statutes (1989). We reverse.
The complaint in this case was date-stamped by the clerk on November 1, 1990. It alleges a violation of 42 U.S.C. § 1983. The event giving rise to the complaint occurred on October 31, 1986.
On November 29, 1990, appellees filed a motion to dismiss on the grounds, inter alia, that the statute of limitations had expired and that appellant had failed to *1210 comply with the notice requirement of section 768.28, Florida Statutes, which waives sovereign immunity. A hearing was held on the motion to dismiss at which the trial court heard testimony and received documentary evidence. Notwithstanding the evidence and testimony presented, the trial court ruled as a matter of law that the court file reflects that the complaint was filed on November 1, 1990 and was therefore barred by the statute of limitations.
The file marking on the complaint is evidence of the date of filing, but the same is not conclusive and such evidence is rebuttable. Filing is complete once the pleading is delivered to and received by the proper officer. Bituminous Casualty Corp. v. Clements, 148 Fla. 175, 3 So.2d 865 (Fla. 1941); Cook v. Walgreen Co., 399 So.2d 523 (Fla. 2d DCA 1981).
In the instant case, the only evidence presented supported appellant's position that the complaint was delivered to and received by the clerk within the limitations period. There is a UPS address label dated October 30, 1990 marked "Next Day Air" addressed to the "Clerk of the County Court Circuit", a letter from appellant's attorney, also dated October 30, 1990 stating that a complaint and filing fee are enclosed, a UPS delivery record, dated October 31, 1990 and signed for by Sara Mason, Administrative Assistant to the Clerk who identified her signature, and a UPS shipper tracer form stating the package was delivered on October 31, 1990. In addition, Tracy Tucker, who routinely clocks in documents for the circuit court, civil division, testified that when a document was delivered on the last day of the month, it might not be checked in as received because they are so busy with closing out the month.
The trial court erred in dismissing the complaint on the ground that the clerk's date stamp indicated that the complaint was filed beyond the statute of limitations when the only evidence adduced contradicted that conclusion. A factual question was raised which precludes dismissal.
In Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the United States Supreme Court ruled that a state notice-of-claim statute that effectively shortened the statute of limitations and imposed an exhaustion requirement on claims against public agencies and employees was preempted insofar as it applied to 42 U.S.C. section 1983 actions. Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Thus, federal law preempts Florida from imposing a notice-of-claim requirement on appellant that effectively shortens to three years the four-year statute of limitations. The trial court erred in dismissing appellant's complaint based upon alleged noncompliance with the notice requirements of section 768.28, Florida Statutes.
Accordingly, the order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GOSHORN, C.J., and COBB, J., concur.