774 So.2d 825 (2000)
Laurene CAPONE, Petitioner,
v.
FLORIDA BOARD OF REGENTS, Respondent.
No. 4D00-3827.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
*826 Isidro M. Garcia of Garcia, Elkins & Boehringer, P.A., West Palm Beach, for petitioner.
No response required for respondent.
WARNER, C.J.
We dismiss this petition for writ of certiorari as untimely filed. We write to explain to the bar that our policy of accepting papers filed with the Clerk by 9:00 a.m. as having been actually filed on the previous day cannot extend the jurisdictional time limits for the filing of petitions for certiorari, and other original writs.
On October 26, 2000, our Clerk's Office received the instant petition for writ of certiorari before 9:00 a.m. The petition received a filing date stamp for the previous day, October 25, 2000, a date thirty days after rendition of the order to which the instant petition pertains. The filing on October 26, 2000, was untimely. See Fla. R.App.P. 9.100(c)(1). In filing this petition on the thirty-first day, it appears that the petitioner erroneously took advantage of a policy of this court to accommodate lawyers filing briefs and other non-jurisdictional papers.
For many years, this court had a drop box in which papers could be delivered to the court after hours. Papers so delivered would, if placed in the box before 7:30 a.m., be stamped as filed the previous business day. The box was routinely opened at 7:30 a.m., one-half hour before the Clerk's Office actually opens for business. Only papers actually placed in the box before 7:30 a.m. were considered filed as of the previous day. Because of our concerns for the security of people using this box, however, we eliminated it some time ago and *827 adopted in its place a policy of accepting papers filed with the Clerk by 9:00 a.m. as having been filed on the previous day. We intend to continue with this latter procedure.
However, some lawyers are delivering original proceeding papers, such as notices of appeal, petitions for certiorari, and the like, to our Clerk before 9:00 a.m. and requesting that such papers be deemed filed as of the previous day. Our policy was adopted as a convenience for parties and their lawyers to avoid the expense of using a delivery service or driving to our court from distant parts of the district when filing routine, non-jurisdictional papers such as briefs, responses to orders, etc. It was not our intent to apply this procedure to jurisdictional papers like notices of appeal or petitions for extraordinary writs that are governed by a jurisdictional requirement of filing on or before a certain date. We hereby reconfirm that intention. The previous-day filing procedure applies only to non-jurisdictional papers.
While this court may adopt local rules and practices that pertain to non-jurisdictional matters within its discretion, we may not usurp the constitutional power of the supreme court to "adopt rules for the practice and procedure in all courts including the time for seeking appellate review." Art. V, § 2(a), Fla. Const. Neither trial nor appellate courts in this state are authorized to extend the time for filing notices of appeal, "no matter what reason or method is employed in an attempt to do so." Congregation Temple De Hirsch of Seattle, Washington v. Aronson, 128 So.2d 585, 586 (Fla.1961).
The petition is dismissed.
POLEN and KLEIN, JJ., concur.