STEVENSON, J.
Petitioners filed a petition for writ of certiorari in the circuit court to challenge an order entered by the respondent, the *1174 City of Lake Worth. The circuit court appellate division dismissed that petition as untimely. The petitioners now seek review in this court.
This court has jurisdiction. See Fla.R.App.P. 9.030(b)(2)(B). We must determine whether the circuit .court, in dismissing the subject petition without first holding a hearing, afforded petitioners procedural due process and observed the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). We conclude that it did not, and grant the writ.
The City’s order was rendered on March 16, 2000. The petition for writ of certiorari bears two date-stamps affixed by the clerk of the circuit court: an electronic stamp showing that it was filed on April 17, 2000, at 5:09 p.m. and a handwritten date of April 18, 2000.[1] The earlier filing date was the thirtieth day after rendition of the order on review. Florida Rule of Appellate Procedure 9.100(e)(1) requires that petitions for writs of certiorari be filed within thirty days. This time limit is jurisdictional. See McGee v. McGee, 487 So.2d 412 (Fla. 4th DCA 1986). The question in this case is whether the petition was filed in the circuit court on the thirtieth or thirty-first day.
The City moved to dismiss the petition, arguing that the hand-written date showed that the petition was filed on April 18, 2000. It filed documentary evidence to support its motion, but nothing that conclusively established that the later date should control. Based on that record, the circuit court dismissed the petition as untimely, finding that it was filed one day too late.
Petitioners moved for rehearing, attaching additional affidavits that set forth the clerk’s procedure for after-hours filing and described the filing procedure they used in this case. The motion included a request for an evidentiary hearing.[2] Rehearing was denied.
Faced with conflicting evidence of when the petition was filed, the circuit court must either hold an evidentiary hearing itself or appoint a commissioner to conduct an evidentiary hearing for the appellate panel. Cf. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989)(where factual assertions in affidavits filed by the parties concerning the issue of personal jurisdiction could not be reconciled, the trial court was required “to hold a limited evidentiary hearing” to determine the issue); Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994) (procedural due process necessitated an evidentiary hearing where the facts concerning the timeliness of the appeal were in dispute).
If, after such hearing, the circuit court determines that the petition was filed on April 17, it will then be required to address the fact that it was date-stamped at 5:09 p.m., after the clerk’s office’s official closing time of 5:00 p.m. There is no requirement that the clerk provide a mechanism for filing after 5:00. Neither the rules of procedure enacted by the Florida Supreme Court nor Florida Statutes Chapter 28 standardize the hours of operation *1175 of the circuit court clerk’s offices. Thus, in some circuit courts, a certiorari petition or notice of appeal filed after 5:00 p.m. will be deemed untimely, while in others it will not.
Where there is no after-hours procedure available, an attempt to file on the thirtieth day after the clerk’s office has closed will be deemed untimely. See Metro. Dade County v. Vasquez, 659 So.2d 355 (Fla. 1st DCA 1995). However, where the clerk has made provisions for after-hours filing, a jurisdictional document will be treated as timely even if it is filed after closing on the thirtieth day. See Sunshine Dodge, Inc. v. Ketchem, 427 So.2d 819, 820 (Fla. 5th DCA 1983) (“If the Clerk’s Office remains open to receive and file the notice and it is in fact filed within the required thirty-day period, as it was here, it is timely.”).
Accordingly, the petition for writ of cer-tiorari is granted. The circuit court order dismissing the petition for certiorari as untimely is quashed and this cause is remanded for further proceedings consistent with this decision.
STONE and WARNER, JJ., concur.

. Complicating matters is the fact that the civil cover sheet that accompanied the petition was not stamped in until the thirty-first day, April 18 at 11:52 a.m.

. We reject respondents’ argument that petitioners waived the evidentiary hearing by waiting to request it in their motion for rehearing. While a more expeditious request for an evidentiary hearing would have been helpful, petitioners cannot be faulted for not anticipating that the petition would be dismissed in the absence of some type of eviden-tiary procedure employed by the court to resolve the outstanding factual disputes.