ORDER RELINQUISHING JURISDICTION

CASANUEVA, Judge.
On the court’s own motion, we relinquish jurisdiction to the trial court for sixty days to hold an evidentiary hearing on a factual issue in the posttrial record that must be resolved before this appeal may proceed.
On January 17, 2001, George Ira Smiley was tried and found guilty of one count of vehicular homicide. Thereafter, defense counsel filed a timely motion for judgment of acquittal or a new trial. The trial judge denied a judgment of acquittal but granted a new trial after being convinced that he had misinstructed the jury. The State appealed the order granting a new trial, as was its right. Fla. R.App. P. 9.140(c)(1)(C). Pursuant to this court’s internal operating procedures, we reviewed the record to determine if the appeal was timely filed, because it is the timely filing of the notice of appeal that vests jurisdiction in this court. Williams v. State, 324 So.2d 74 (Fla.1975). The order granting the new trial was rendered on February 12, 2001, and the clerk’s date stamp on the State’s notice of appeal shows that it was filed with the clerk of the circuit court on February 28, 2001, sixteen days later. This is an untimely filing because it is beyond the fifteen-day limit for appeals by the State. Fla. R.App. P. 9.140(c)(3).
*419 We issued an order to show cause why the appeal should not be dismissed as untimely. The State responded disputing the validity of the date stamp on the notice of appeal in the record. It also attached an affidavit of the assistant state attorney who prosecuted the case claiming that the notice of appeal was filed with the clerk of the circuit court on February 26, 2001, the fourteenth day after rendition of the order granting a new trial, and, thus, timely. Although the filing date with the clerk of the circuit court is stamped “February 28” on the notice of appeal, the “8” of February 28 is handwritten, the only part of the entire stamping to be so. The State claims this handwriting of the “8” over the stamp is further suspect because the original notice of appeal has the “8” in a different color ink than the rest of the date stamp. The State further submits that it is only this clerical error that makes the notice of appeal apparently untimely. Mr. Smiley’s response to our order to show cause provides no further illumination on this issue, but suggests that an evidentiary hearing may be required to resolve the factual disparity between the State’s claim and the appellate record. Johnson v. State, 578 So.2d 1021 (Fla. 1st DCA 1991).
Because our jurisdiction to hear this case hangs in the balance, we relinquish jurisdiction to the circuit court for sixty days so that an evidentiary hearing may be held to determine whether the State filed its notice of appeal on February 26, 2001, as it now claims, or on February 28, 2001, as the record prepared by the clerk of the circuit court indicates.
WHATLEY and SALCINES, JJ., Concur.