GROSS, J.
Appellant appeals an order entered on April 5, 2004. The notice of appeal was filed with the circuit court two days late, on May 7, 2004. In response to this court’s order to show cause, appellant argues that the case should not be dismissed because she turned the notice over to the post office in West Virginia for express mail on May 4, 2004. The post office label indicates a “second” day of delivery.
Timely mailing of a notice of appeal is insufficient to confer jurisdiction on this court. As the first district has observed:
Generally, a paper is deemed to be “filed” when it is delivered to the proper official and received by that official to be *88 kept on file. Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977). In order to be timely, a notice of appeal must be filed with the appropriate court within the required time, and merely mailing the notice or having the notice placed in a post office box within the required time period is not sufficient.
Raysor v. Raysor, 706 So.2d 400, 401 (Fla. 1st DCA 1998); see also Millinger v. Broward County Mental Health Div. & Risk Mgmt., 672 So.2d 24, 26 (Fla.1996) (noting that “[i]t is a settled rule of law that mailing, as opposed to filing, a notice within the thirty-day filing period is insufficient to preserve appellate rights”); Coca Cola Foods v. Cordero, 589 So.2d 961 (Fla. 1st DCA 1991); Shields v. Colonial Penn Ins. Co., 513 So.2d 1363 (Fla. 5th DCA 1987). The mailbox rule, which applies to prisoners, has no application here. Raysor, 706 So.2d at 401.
Because we have no jurisdiction, we dismiss the appeal. See id.; Cordero, 589 So.2d at 962; Shields, 513 So.2d at 1363.
TAYLOR, J., concurs.
FARMER, C.J., dissents with opinion.