DAMOORGIAN, J.
 

 This case is before us on an appeal of a non-final order denying Strax Rejuvenation and Aesthetics Institute, Inc.’s (Strax) Motion to Dismiss and Compel Arbitration. We issued an order to show cause as to why the appeal should not be dismissed because, from the face of the notice, the appeal appeared untimely.
 
 See Ruffin v. Kingswood E. Condo. Ass’n,
 
 719 So.2d 951, 952 (Fla. 4th DCA 1998). Specifically, the Broward County Clerk of Court’s time stamp on the notice of appeal shows a date of August 21, 2009, which is one day past the thirty-day time limit for invoking the jurisdiction of this court.
 
 See
 
 Fla. R.App. P. 9.110(b).
 

 Strax responded to the show cause order by filing a Response and a Motion to Deem Notice of Non-Final Appeal Timely Filed. The response and motion were accompanied by two affidavits, one from Strax’s counsel and one from the owner of the courier service that delivered the notice to the courthouse for filing with the clerk of the circuit court. In her affidavit, Strax’s counsel states that, on August 18,
 
 *667
 
 2009, she prepared the notice of appeal and placed it in her firm’s “Broward County” filing box so that the notice would be picked up by a courier service and filed in the Broward County courthouse on August 19, 2009. The owner of the courier service states in his affidavit that he regularly picks up documents at Strax’s counsel’s law office that are destined for filing at the Broward County courthouse before 2:00 p.m. each day. Documents picked up before 2:00 p.m. are delivered to the courthouse and filed on the same day. Finally, the courier states that, on August 19, 2009, he went to the law firm, picked up the notice of appeal, and delivered it to the Broward County Clerk of Courts on that same day. The clerk’s time stamp on the notice, however, shows that the notice was filed on August 21, 2009.
 

 With no citation to authority, Strax argues that we should take jurisdiction of this appeal because “[tjhere is no reason that the Notice of Non-Final Appeal on behalf of [Strax] would not have been filed on August 19, 2009, the same day it was delivered to the Clerk of the Court by the courier service.” We presume that Strax meant to say that the clerk’s time stamp creates a rebuttable presumption that may be overcome by sworn testimony to the contrary. Citing our decision in
 
 Harrell v. Harrell,
 
 879 So.2d 87, 88 (Fla. 4th DCA 2004), the appellee, Donna Shield, responds that as a matter of law the clerk’s time stamp is conclusive and, therefore, the appeal is untimely.
 

 Although not cited by either party, Florida Rule of Civil Procedure 1.080(e) states in pertinent part that “[t]he date of filing is that shown on the face of the paper by ... the clerk’s time stamp.” This language was added to the rule in 1984.
 
 See In re Amendments to Rules of Civil Procedure,
 
 458 So.2d 245, 247 (Fla.1984). At first glance, we take the plain and unambiguous language in the rule to mean that the date upon which the jurisdictional time clock begins to tick is that date reflected in the clerk’s time stamp. However, our understanding of the meaning of the rule does not resolve whether the Florida Supreme Court intended to establish a bright line rule to resolve the uncertainty surrounding the accuracy of the clerk’s time stamp.
 

 Prior to the rule’s amendment, it appears that at least two courts permitted a party to rebut the presumption that the clerk’s time stamp reflects the actual date a paper was filed with the clerk of the trial court. In
 
 Knee v. Smith,
 
 313 So.2d 117, 118 (Fla. 1st DCA 1975), the First District Court of Appeal accepted jurisdiction of an appeal of an order granting summary judgment despite the fact that the notice of appeal bore a clerk’s time stamp date that made the filing of the notice one day in excess of the jurisdictional thirty-day period. In accepting jurisdiction, the court noted that, “it appears from the affidavits submitted to this Court that the Clerk’s office actually received the notice of appeal within the 30 day jurisdictional period.”
 
 Id.
 
 at 118. Curiously, the court accepted jurisdiction based solely on the affidavits, rather than remanding the case to the trial court to resolve what appears to be disputed issues of fact.
 

 Knee
 
 was followed by two cases from the Third District Court of Appeal, in which the court accepted jurisdiction of an appeal despite the clerk’s time stamp bearing a date that would result in the appeal being untimely. In
 
 Pettigrew & Bailey v. Pickle,
 
 429 So.2d 340 (Fla. 3d DCA 1983), the court determined that it had jurisdiction of an appeal after holding that the trial court did not err in amending the filing date of the notice of appeal.
 
 Id.
 
 at 343. There, the trial court took evidence concerning the accuracy of the clerk’s time
 
 *668
 
 stamp. Relying upon the trial court’s determination pursuant to its authority to correct clerical mistakes in parts of the record, the court concluded that the notice of appeal was timely.
 
 Id,.; see also
 
 Fla. R. Civ. P. 1.540(a).
 
 [1]
 
 In reaching its conclusion the court explained that:
 

 We have not overlooked the contention that the trial court erred in amending the filing date of the notice of appeal and that the appeal was therefore untimely. Upon due consideration, we find no merit in appellees’ argument. Before correcting the notice to reflect the actual filing date, the trial court weighed the evidence concerning the accuracy of the court clerk’s date stamp and considered affidavits averring that the notice and check were delivered within the applicable filing period. A clerical error may be corrected by the court.
 

 Pickle,
 
 429 So.2d. at 343 (citations omitted).
 

 Following its holding in
 
 Pickle,
 
 and after rule 1.080(e) was amended, the Third District in
 
 Weintraub v. Alter,
 
 482 So.2d 454 (Fla. 3d DCA 1986), held that:
 

 A notice of appeal is generally deemed filed on the date it is actually filed with the clerk of the trial court. This date is
 
 presumptively
 
 shown by the filing date which the clerk of the trial court stamps on the face of the notice — although this is not a conclusive showing and may be rebutted by other evidence.
 

 Id.
 
 at 457 (emphasis added).
 

 We now turn to our decision in
 
 Harrell,
 
 which Shield argues resolves the issue now before us. In
 
 Harrell,
 
 the appellant mailed her notice of appeal with the intent to have the notice delivered to the circuit court within the time limit for filing her appeal. 879 So.2d at 87. We held that “a notice of appeal must be filed with the appropriate court within the required time, and merely mailing the notice or having the notice placed in a post office box within the required time period is not sufficient.”
 
 Id.
 
 at 88. Unlike the instant case, in
 
 Harrell
 
 there was no dispute that the clerk’s time stamp was accurate.
 

 Shield also relies on
 
 Capone v. Florida Board of Regents,
 
 774 So.2d 825, 826 (Fla. 4th DCA 2000). The issue in
 
 Capone
 
 was whether the court’s policy of accepting papers filed with the clerk by 9:00 a.m. as having been actually filed the previous day, can extend the jurisdictional time limits for the filing of petitions for certiorari and original writs.
 
 Id.
 
 Holding that the appeal was untimely, this court concluded that its local rules and practices cannot usurp the constitutional power of the supreme court’s authority to establish the time limit within which appellate review must be sought.
 
 Id.
 
 at 827 (citing
 
 Congregation Temple De Hirsch of Seattle, Wash, v. Aronson,
 
 128 So.2d 585, 586 (Fla.1961)). Shield’s reliance on
 
 Capone
 
 and
 
 Harrell
 
 is misplaced because neither case resolves whether rule 1.080(e) creates a rebuttable presumption or a bright line rule.
 

 The clear and concise language of the 1984 amendment to rule 1.080(e) compels us to conclude that the supreme court intended to establish a bright line test. To be sure, interpreting rule 1.080(e) in a bright line fashion obviates the need to engage in any fact finding beyond the information stamped on the notice of appeal. Finite rules make sense. They are easy to follow, easier to apply, and remove doubt. And, while we are cognizant of the fact that it is within the realm of possibility that the clerk’s date stamp machine may, from time to time, produce an incorrect date, prudent attorneys and clerks always have the option of paying closer attention
 
 *669
 
 to such details before the jurisdictional time limit expires.
 

 Accordingly, we hold that, pursuant to rule 1.080(e), the clerk’s date stamp is dispositive on the issue of the date of filing a paper with the trial court. In this case, the clerk’s date stamp establishes that the notice of appeal was filed after the expiration of the jurisdictional time limit to file an appeal. Therefore, the motion to dismiss is granted and this appeal is dismissed. In so doing, we certify conflict with the Third District’s opinion in
 
 Wein-traub.
 

 Dismissed.
 

 TAYLOR and HAZOURI, JJ., concur.
 

 [1]
 

 . Strax did not seek to have the trial court correct the record.