ON ORDER TO SHOW CAUSE AND MOTION TO DISMISS
 

 LAWSON, J.
 

 We withdraw our previous order and substitute this opinion in its place. We write to express our disagreement with
 
 Strax Rejuvenation and Aesthetics Institute, Inc. v. Shield,
 
 24 So.3d 666 (Fla. 4th DCA 2009), which held that appellate court jurisdiction may only be determined from the trial clerk’s time stamp on a notice of appeal, so that a timely-filed notice of appeal will be conclusively deemed untimely if it is incorrectly date-stamped after the jurisdictional deadline. By contrast, we hold that a timely-filed notice of appeal is sufficient to confer appellate jurisdiction over the matter, even if the notice is erroneously time-stamped with a date after the jurisdictional deadline.
 

 As in
 
 Strax,
 
 the notice of appeal in this case is date-stamped after the thirty-day jurisdictional deadline for filing an appeal. The appealed order was entered on October 21, 2009, making November 20, 2009, the last day for filing a timely notice of appeal. Upon receipt of the notice of appeal, date-stamped by the lower court clerk after November 20, we issued an order to show cause directing Appellants to demonstrate why their appeal should not be dismissed for lack of jurisdiction. Appellees also filed a motion to dismiss the appeal for lack of jurisdiction.
 

 In response, Appellants’ counsel submitted two affidavits. The first, from her legal secretary, stated that the secretary sent the notice of appeal to the Seminole County Clerk of Court by way of Federal Express on November 19, in a package marked for next-day delivery.
 
 [1]
 
 She also stated, under oath, that she called the clerk’s office on November 20, and confirmed that the clerk timely received the notice of appeal on that day. The secretary averred that the clerk who received the document told her that “the inputting of the docket was delayed about one week, but the filing would reflect the November 20, 2009 date.” Copies of Federal Express shipping records were attached to the affidavit, showing that the firm did send a package to the Seminole County Clerk of
 
 *667
 
 Court on November 19, which was actually received by the trial clerk on November 20.
 

 The second affidavit was signed by an employee of the Seminole County Clerk of Court. This affidavit also confirmed that the clerk’s office received a Federal Express package from Appellants’ attorney on November 20. The employee who submitted this affidavit attested to her signature on the Federal Express delivery confirmation receipt-dated November 20.
 

 Florida cases addressing this issue prior to
 
 Strax
 
 held that appellate jurisdiction is determined by the date that a notice of appeal (or other jurisdictional filing) is actually received by the clerk of court, even if the clerk-stamped filing date indicates a belated filing.
 
 See Weintraub v. Alter,
 
 482 So.2d 454 (Fla. 3d DCA 1986);
 
 Pettigrew & Bailey v. Pickle,
 
 429 So.2d 340 (Fla. 3d DCA 1983);
 
 Knee v. Smith,
 
 313 So.2d 117 (Fla. 1st DCA 1975);
 
 Mills v. Avon Park Motor Co.,
 
 223 So.2d 802 (Fla. 2d DCA 1969);
 
 Hood v. State,
 
 163 So.2d 893 (Fla. 1st DCA 1964). While acknowledging these authorities, the Fourth District based it’s holding on language added to Florida Rule of Civil Procedure 1.080(e) in 1984, which states that: “The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.”
 

 However, this language should be viewed in connection with other related rules.
 
 Cf. State v. Fuchs,
 
 769 So.2d 1006, 1010 (Fla.2000) (“[Statutes which relate to the same or closely related subjects should be read in pari materia”). Most significantly, Florida Rule of Civil Procedure 1.540(a) expressly permits a trial court to correct clerical mistakes in judgments, decrees “or other parts of the record.” An erroneous time-stamp is clearly a clerical mistake. And, as the Third District held in
 
 Pickle,
 
 it is clearly appropriate for a trial court to take evidence to determine whether a time-stamp is erroneous, and to correct the error if one is found. Rule 1.540(a) expressly contemplates that such a correction can be made while an appeal is pending, with leave of the appellate court. Once corrected, of course, the judge’s notation of the correct filing date will be deemed the “date of filing” under rule 1.080(e), if it is earlier in time than the clerk’s stamp.
 

 This reading of the rules also conforms with the long-standing principle that “[wjhile our procedural rules [should] provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice.”
 
 Rogers v. First Nat’l Bank at Winter Park,
 
 232 So.2d 377, 378 (Fla.1970). A rule that would deny a citizen who has timely sought an appeal his or her right to appeal based upon a proven mistake by a clerk’s office employee is not consistent with justice or due process.
 

 Accordingly, we relinquish this matter to the circuit court for a period of forty-five days, with directions that the trial judge conduct an evidentiary hearing to determine whether Appellants’ notice of appeal was received on November 20, as Appellants’ evidence suggests.
 

 We certify conflict with
 
 Strax.
 

 RELINQUISHED TO TRIAL COURT FOR FORTY-FIVE DAYS, WITH DIRECTIONS.
 

 SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . The certificate of service on the notice of appeal signed by Appellants' attorney was also dated November 19.