PER CURIAM.
 

 We dismiss appellants’ appeal because the notice of appeal was filed with the clerk more than thirty days after the rendition of the final judgment. As we explained in
 
 Strax Rejuvenation and Aesthetics Institute, Inc. v. Shield,
 
 24 So.3d 666, 669 (Fla. 4th DCA 2009), “pursuant to rule 1.080(e), the clerk’s date stamp is disposi-tive on the issue of the date of filing a paper with the trial court.” Here, the clerk stamped the notice of appeal as being filed February 23, 2010, from a final judgment rendered January 13, 2010, thus
 
 *770
 
 making the notice untimely. While appellant has filed affidavits stating that a courier delivered the notice of appeal to the Broward County Clerk’s office on February 11, 2010, the filing stamp date governs the filing date. As we did in
 
 Strax,
 
 we certify conflict with
 
 Weintraub v. Alter,
 
 482 So.2d 454 (Fla. 3d DCA 1986). We also certify conflict with
 
 Ocr-EDS, Inc. v. S & S Enterprises, Inc.,
 
 32 So.3d 665 (Fla. 5th DCA 2010).
 

 GROSS, C.J., WARNER and STEVENSON, JJ., concur.