LABARGA, J.
This case is before the Court for review of the ' decision of the Fourth District Court of Appeal in Strax Rejuvenation & Aesthetics Institute, Inc. v. Shield, 24 So.3d 666 (Fla. 4th DCA 2009). The district court certified that its decision is in direct conflict with the decision of the Third District Court of Appeal in Weintraub v. Alter, 482 So.2d 454 (Fla. 3d DCA 1986). We have jurisdiction. See art. V, *742 § 3(b)(4), Fla. Const. As explained below, we approve of the decision of the Third District Court of Appeal in Weintraub and, accordingly, quash the decision of the Fourth District Court of Appeal in Strax.
FACTS AND PROCEDURAL HISTORY
The conflict issue in this case involves the question of the timely filing of a notice of appeal. Strax filed its notice of nonfinal appeal from the trial court’s order denying a motion to dismiss and to compel arbitration. Because the clerk’s time stamp indicated that the notice of appeal was filed August 21, 2009, which was one day late, the Fourth District issued an order to Strax to show cause why the appeal should not be dismissed. Strax responded to the show cause order and filed two affidavits, one from Strax’s counsel and one from the owner of the courier service that delivered the notice to the courthouse for filing with the clerk of the circuit court. In the affidavit, Strax’s counsel attests that on August 18, 2009, she placed the notice of appeal in her firm’s “Broward County” filing box to be picked up by a courier service and filed in the Broward County courthouse on August 19, 2009. The owner of the courier service states in his affidavit that he picked up the notice of appeal from the law firm on August 19, 2009, and delivered it to the Broward County Clerk of Courts on that same day.
The Fourth District Court of Appeal concluded, however, that pursuant to Florida Rule of Civil Procedure 1.080(e), the clerk’s time stamp “is dispositive on the issue of the date of filing a paper with the trial court.” Strax, 24 So.3d at 669. Because the time stamp in the present case was dated after the expiration of the jurisdictional time limit, the district court dismissed the appeal but certified conflict with Weintraub. In Weintraub, the Third District held that the filing date “is presumptively shown by the filing date which the clerk of the trial court stamps on the face of the notice — although this is not a conclusive showing and may be rebutted by other evidence.” Weintraub, 482 So.2d at 457. Thus, the issue presented here is whether under rule 1.080(e) the clerk’s time stamp that appears on the face of the notice or paper filed in the court is disposi-tive of the filing date under a bright-line reading of rule 1.080(e), or whether the clerk’s time stamp is presumptive only and may be rebutted by other evidence demonstrating that the notice of appeal was timely filed. As explained below, we agree with the holding of the Third District in Weintraub that the clerk’s time stamp is presumptive evidence of the date of filing, but that the presumption may be overcome by sufficient evidence that the document was actually received by the clerk within the time deadline.
ANALYSIS

Standard of Review

Because the conflict issue in this case involves the proper interpretation of Florida Rule of Civil Procedure 1.080(e), we turn first to the standard of review for interpretation of rules of procedure. Appellate courts apply a de novo standard of review when the construction of a procedural rule is at issue. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 599 (Fla.2006). Specifically as to construction of the Court’s procedural rules, we have previously explained that “[t]he general guide to construction of the procedural rules is set forth in Florida Rule of Civil Procedure 1.010, which states that the rules ‘shall be construed to secure the just, speedy, and inexpensive determination of every action.’ ” Barco v. School Bd. of Pinellas County, 975 So.2d 1116, 1123 (Fla.2008) (quoting Fla. R. Civ. P. 1.010); *743 see also Singletary v. State, 322 So.2d 551, 555 (Fla.1975) (“Procedural rules should be given a construction calculated to further justice, not to frustrate it”).
Therefore, resolution of the conflict issue in this case requires us to determine the meaning of this Court’s 1984 amendment of Florida Rule of Civil Procedure 1.080(e). In doing so, we consider the purpose of the rule and the stated intent that the rules of civil procedure be construed in a manner leading to a just determination of a cause. We reiterate that the rules should be interpreted to further justice and not frustrate it. With these considerations in mind, we turn to examination of the rule at issue in this case.

Discussion

Florida Rule of Civil Procedure 1.080(e) was amended in 1984 as follows:
(e) Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him, in which event he shall note thereon-the filing date before him on the papers and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.
In re Amendments to Rules of Civil Procedure, 458 So.2d 245, 247 (Fla.1984). The Fourth District interpreted the underlined language added in 1984 referring to the clerk’s time stamp as creating a bright-line rule that the clerk’s time stamp is disposi-tive of the date of filing. We find that this interpretation is incorrect.
The amendment was not intended to depart from longstanding case law holding that filing is accomplished by actual receipt of the document by the clerk.[1] For many years the accepted view has been that filing is accomplished by simply placing the document in the hands of the proper officer. In 1941, we held that the filing of a pleading consists of simply placing it in the hands of the proper officer to be filed, and that the file marking is merely evidence of filing but is not essential to the validity of the document. See Bituminous Casualty Corp. v. Clements, 148 Fla. 175, 3 So.2d 865, 866 (1941). Most of the district courts have reached the same holding. See, e.g., Raysor v. Raysor, 706 So.2d 400, 401 (Fla. 1st DCA 1998) (“Generally, a paper is deemed to be ‘filed’ when it is delivered to the proper official and received by that official to be kept on file.”); Weintraub v. Alter, 482 So.2d 454, 457 (Fla. 3d DCA 1986) (“A notice of appeal is generally deemed filed on the date it is actually filed with the clerk of the trial court. This date is presumptively shown by the filing date which the clerk of the trial court stamps on the face of the notice — although this is not a conclusive showing and may be rebutted by other evidence.”); Cook v. Walgreen Co., 399 So.2d 523, 524 (Fla. 2d DCA 1981) (stating that a document is deemed filed when delivered to the proper officer, and where *744 proper evidence shows the clerk received the pleading on the date other than that stamped, a factual issue is presented). Black’s Law Dictionary also defines “filing date” generally as being “the date when any document is delivered to the appropriate authority.” Black’s Law Dictionary 423 (8th ed.2004).
We conclude that the intent of rule 1.080(e), as amended in 1984, is to create a rebuttable presumption that the filing date is the date shown by the clerk’s time stamp placed on the face of the document.[2] Any other interpretation flies in the face of the stated intent for construction of the procedural rules. As noted earlier, the general guide to construction of the procedural rules set forth in Florida Rule of Civil Procedure 1.010 provides that the rules “shall be construed to secure the just, speedy, and inexpensive determination of every action.” Fla. R. Civ. P. 1.010. While a bright-line rule that the clerk’s stamp is dispositive of the filing date will certainly secure a speedy and inexpensive determination of the action, it will not necessarily secure a just determination. In those rare cases in which a paper is delivered to the clerk’s office within the jurisdictional time frame, but for some reason — through inadvertence or error — is not timely stamped by the clerk, the litigant will be denied a just determination of the action if the litigant is precluded from presenting competent, substantial evidence to prove that the deadline was met. We stated long ago that “[wjhile our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice.” Rogers v. First Nat’l Bank at Winter Park, 232 So.2d 377, 378 (Fla.1970).
Accordingly, we agree with the Third District Court of Appeal in Weintraub:
A notice of appeal is generally deemed filed on the date it is actually filed with the clerk of the trial court. This date is presumptively shown by the filing date which the clerk of the trial court stamps on the face of the notice — although this is not a conclusive showing and may be rebutted by other evidence.
Weintraub, 482 So.2d at 457. We also echo the conclusion reached by the Fifth District in OCR-EDS, Inc. v. S & S Enterprises, Inc., 32 So.3d 665 (Fla. 5th DCA 2010), that “[a] rule that would deny a citizen who has timely sought an appeal his or her right to appeal based upon a proven mistake by a clerk’s office employee is not consistent with justice or due process.” Id. at 667. Accordingly, we hold that Strax should be given an opportunity to prove that the notice of appeal was actually received by the clerk of the circuit court within the jurisdictional time frame applicable in this case.

CONCLUSION

For the reasons set forth above, we quash the decision in Strax Rejuvenation & Aesthetics Institute, Inc. v. Shield, 24 So.3d 666 (Fla. 4th DCA 2009), and approve the decision in Weintraub v. Alter, *745 482 So.2d 454 (Fla. 3d DCA 1986). Further, we remand this case to the Fourth District Court of Appeal with directions that the district court remand the matter for an evidentiary hearing to determine if the notice of appeal was timely filed, consistent with the holdings set forth above. At the evidentiary hearing, Strax must overcome the presumption that the clerk’s time stamp accurately indicates the date of filing by submission of competent, substantial evidence that the notice of appeal was actually received in the clerk’s office within the filing deadline. By our decision today, we do not suggest that practitioners should be unconcerned about a clerk’s time stamp that indicates late filing of a document — especially when that document is a notice of appeal. The occasions when counsel should be required to rebut the presumption of late filing by submission of evidence should be extremely rare. Counsel are thus encouraged to continue to be vigilant in assuring that their documents are both timely received in the clerk’s office and, to the extent practicable, timely stamped to protect the rights of their clients.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

. We note that the court commentary to the 1984 amendment of rule 1.080(e) indicates that the amendment was necessary in order to coordinate with a contemporaneous amendment to Florida Rule of Civil Procedure 1.530. Rule 1.530 was amended to clear up confusion concerning the exact date from which the time for serving a motion for rehearing begins to run. See In re Amendments to Rules of Civil Procedure, 458 So.2d at 248. Florida Rule of Civil Procedure 1.530 was also amended in that same decision to clarify "that the date of filing as shown on the face of the judgment in a non-jury action is the date from which the time for serving a motion for rehearing is calculated.” Id. at 256 (commentary).

. We also note that numerous decisions of the district courts of appeal have construed the clerk’s time stamp as creating a rebuttable presumption of the date of filing. See, e.g., OCR-EDS, Inc. v. S & S Enterprises, Inc., 32 So.3d 665, 666 (Fla. 5th DCA 2010) (disagreeing with Strax and holding that appellate jurisdiction is determined by the date the clerk received the document even if the date stamp indicates a belated filing); State v. Smiley, 802 So.2d 418, 419 (Fla. 2d DCA 2001) (remanding for evidentiary hearing after appellant disputed the accuracy of the clerk’s time stamp on the apparently untimely notice of appeal); Brooks v. Elliott, 593 So.2d 1209, 1210 (Fla. 5th DCA 1992) ("The file marking on the complaint is evidence of the date of filing, but the same is not conclusive and such evidence is rebuttable.”).