SHEPHERD, C.J.
The State of Florida, Department of Highway Safety and Motor Vehicles, petitions this court for a writ of prohibition to prevent the circuit court, acting in its appellate capacity, from exercising jurisdiction over an untimely petition for writ of certiorari filed in that court by Alexandra R. Melendez. Ms. Melendez failed to file a response to the prohibition petition, despite our order to do so. Upon consideration, we grant the petition for prohibition for the reasons expressed in Judge Monica Gordo’s dissent to the panel opinion denying dismissal, which we adopt in haec ver-ba:
Florida Rule of Appellate Procedure requires that a petition for writ of certio-rari to review the Department’s final order be filed within SO days of the date of rendition of the order. See Fla. R.App.P.[9].100(c)(l). Here, a hearing was conducted and the Hearing Officer affirmed the order of suspension of the driving privilege of Petitioner on January 15, 2013. The Department’s Order expressly advised Petitioner of her right to appeal the Department’s decision “by filing a petition for writ of certiorari to the circuit court within 30 calendar days of [the] order by following the procedure specified in § 322.31, Florida Statutes.”- Petitioner did not file her Petition for Writ of Certiorari until March 1, 2013 — forty-five (45) calendar days after the Department’s order was rendered; and, fifteen days beyond the deadline established by Florida Rule of Appellate Procedure 9.100(c)(1) for such an appeal. The 30-day filing deadline established by Rule 9.100(c) is jurisdictional in nature and not merely a matter of procedure. See Flinchbaugh v. Burton, 312 So.2d 827 (Fla. 4th DCA 1975); Department of Highway Safety and Motor Vehicles v. Joannou, 353 So.2d 164 (Fla. 3d DCA 1977); see Serifsoy v. City of Lake Worth, 789 So.2d 1173, 1175 (Fla. 4th DCA 2001). As such, an untimely Petition divests this court of jurisdiction over the untimely filed Petition and it should be dismissed. See Joannou, 353 So.2d at 164; Capone v. *1238 Florida Bd. of Regents, 774 So.2d 825, 827 (Fla. 4th DCA 2000) (reaffirming that the Fourth District Court of Appeal’s discretionary and convenience practice of accepting pleadings as timely filed if filed by 9:00 in the morning the day after pleading was due, was never intended to apply to jurisdictional pleadings such as notices of appeal and petitions for writs of certiorari. “The previous-day filing procedure applies only to non-jurisdictional papers.”), see also Flinchbaugh, 312 So.2d at 827.
Accordingly, we grant the petition, but withhold issuance of the writ, secure in our belief that the circuit court appellate division will dismiss Ms. Melendez’ petition for writ of certiorari.