IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEMOND MANSFIELD AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
THELMA BROWN,

      Appellant,

 v.

R.J. REYNOLDS TOBACCO COMPANY,
PHILIP MORRIS USA AND LORILLARD
TOBACCO COMPANY,

      Appellees.

_____/

Case No. 5D16-1826

Opinion filed November 3, 2017

Appeal from the Circuit Court
for Osceola County,
Kevin B. Weiss, Judge.

Willie E. Gary, Donald N. Watson, and
Charles L. Scott, Jr., of Gary, Williams,
Parenti, Watson & Gary PLLC, Stuart, for
Appellant.

Geoffrey J. Michael, of Arnold & Porter LLP,
Washington, D.C., Cathy A. Kamm, Daniel
F. Molony and Kristopher J. Verra, of
Shook, Hardy & Bacon LLP, Tampa, and
Jennifer Blues Kenyon, of Shook, Hardy &
Bacon LLP, Kansas City, Mo. for Appellee,
Philip Morris USA.

Jason T. Burnette of Jones Day, Atlanta,
GA, Troy A. Fuhrman and Marie A. Borland,
of Hill, Ward & Henderson, P.A., Tampa for

Appellee, R.J. Reynolds Tobacco Company. Dawn Giebler Millner, of Greenberg Traurig, P.A., Orlando, for Appellee, R.J. Reynolds Tobacco Company as successor-by merger of Lorillard Tobacco Company.

PER CURIAM.

Demond Mansfield, as Personal Representative of the Estate of Thelma Brown, deceased, appeals the final summary judgment entered in favor of R.J. Reynolds Tobacco Company and Philip Morris USA (collectively, "Tobacco Companies") on their statute of limitations defense. We reverse and, consistently with *Strax Rejuvenation and Aesthetics Institute, Inc. v. Shield*, 49 So. 3d 741 (Fla. 2010), remand for an evidentiary hearing to determine if Mansfield's complaint was timely filed.

Mansfield sued Tobacco Companies, alleging that the decedent, Thelma Brown, purchased and smoked cigarettes containing nicotine that were designed, manufactured, advertised, and marketed by Tobacco Companies and that as a result, the decedent became addicted to these cigarettes. Mansfield asserted that the decedent's addiction to cigarettes caused her to contract illnesses that proximately led to her death. Mansfield further alleged that the decedent was a member of the class that initially brought a class action suit against Tobacco Companies for injuries caused by smoking and that obtained a final judgment for punitive damages. In *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006), the Florida Supreme Court vacated this final judgment and decertified the class, but it allowed each individual class member to separately bring his or her own action for damages, provided that any such suit must be filed within one year of the court's mandate. 945 So. 2d at 1276–77. Mandate issued in *Engle* on January 11, 2007, thus

2

giving each individual class member until Friday, January 11, 2008, to timely file a complaint. The question that we address in the instant case is whether Mansfield's counsel filed his complaint against Tobacco Companies on Friday, January 11, 2008, or Monday, January 14, 2008.

The filing of a complaint "is complete once the pleading is delivered to and received by the proper officer." *Brooks ex rel. McCook v. Elliott*, 593 So. 2d 1209, 1210 (Fla. 5th DCA 1992) (citing *Bituminous Cas. Corp. v. Clements*, 3 So. 2d 865 (Fla. 1941)).[1] In this case, the proper officer was the Clerk of the Circuit Court in Osceola County. Because the complaint filed in this case bears an Osceola County Clerk of Court date stamp of January 14, 2008, Tobacco Companies moved for summary judgment based on their statute of limitations defense that Mansfield did not file his complaint by the *Engle*-imposed deadline. The trial court granted the motion and entered the final summary judgment now on review.

The effect of a clerk's date stamp on a document is to create a rebuttable presumption that the document was filed on that day. *Strax Rejuvenation*, 49 So. 3d at 744. Nevertheless, the clerk's date stamp is not conclusive proof of the filing date and may be rebutted by the submission of competent substantial evidence that the complaint was actually received in the clerk's office by the filing deadline. *Id.* at 745; *Brooks*, 593 So. 2d at 1210. Here, although the presumption exists that Mansfield's complaint was untimely filed on January 14, Mansfield filed evidence in opposition to Tobacco Companies' motion for summary judgment indicating that on January 11, 2008, the

---

[1] Black's Law Dictionary also defines the "filing date" as being "the date when any document is delivered to the appropriate authority." *Filing date*, Black's Law Dictionary (10th ed. 2014).

subject complaint and a filing fee check was delivered to the clerk of court in Osceola County and that the clerk of court issued a receipt showing that the complaint was filed by Mansfield against Tobacco Companies on that day. These circumstances present an unresolved question of fact. In *Strax*, the court ruled that in those rare cases where a paper is delivered to the clerk's office within the jurisdictional time frame but, for some reason, through inadvertence or error is not timely stamped by the clerk, it is appropriate to remand for an evidentiary hearing to determine if the document was timely filed. 49 So. 3d at 744–45. Accordingly, we remand this matter back to the trial court for an evidentiary hearing to allow Mansfield the opportunity to rebut the presumption that his suit was filed on January 14, 2008, with competent substantial evidence that the complaint was in fact timely received by the Osceola County Clerk of Court on January 11, 2008.

REVERSED and REMANDED for an evidentiary hearing consistent with this opinion.

SAWAYA and EVANDER, JJ., concur.
LAMBERT, J., concurs specially, with opinion.

LAMBERT, J., concurring specially, with opinion.                    5D16-1826

I fully concur with the majority opinion to reverse and remand this case for the trial court to hold an evidentiary hearing consistent with *Strax*. Mindful that appellate courts are not empowered to make findings of fact, *Boyles v. A & G Concrete Pools, Inc.*, 149 So. 3d 39, 51–52 (Fla. 4th DCA 2014), I nevertheless write to explain why, in my view, the evidence suggests that Mansfield's complaint was timely filed.

The record summary judgment evidence shows that on January 11, 2008, the Osceola County clerk issued an "official clerk receipt," which clearly states that on that day the clerk received a $259 check from Mansfield's attorneys as a filing fee for a complaint that it received that day that was described in the receipt as "Mansfield v. R.J. Reynolds." The receipt also indicates that the complaint was assigned case number CI-08-ON-238. What also appears undisputed is that the law firm's check for the filing fee was inadvertently made payable to the Orange County Clerk of Court instead of the Osceola County Clerk of Court. The affidavits filed by Mansfield's attorneys state that the Osceola Clerk of Court's office later telephoned counsel about this discrepancy and that on Monday, January 14, 2008, the attorneys delivered a second check to the clerk's office, this time payable to the Osceola County Clerk of Court. At 4:47 P.M. on January 14, 2008, the Osceola County clerk time-stamped a complaint titled "Mansfield v. R.J. Reynolds Tobacco Company," but assigned case number CI-08-ON-311 to the complaint. It is the complaint assigned case number CI-08-ON-311 that was later determined by the trial court to be untimely filed.

5

Tobacco Companies and the trial court appear to place great significance on the fact that there were two different case numbers. This would be significant *only* if there was a separate, unrelated suit filed by Mansfield against Tobacco Companies on January 11 and the instant suit "filed" on January 14. At the first of two summary judgment hearings held below, the trial court determined that case number CI-08-ON-238 did "not belong to a case in the clerk's system." However, the evidence suggests that something was filed by Mansfield on January 11, 2008, against Tobacco Companies; otherwise, the clerk would not have issued the receipt for a filing fee reflecting the filing of a complaint by Mansfield on that date.

What appears to be the most plausible explanation here is that only one complaint was filed by Mansfield against Tobacco Companies and that it was received by the Osceola County clerk on January 11. The case was assigned case number CI-08-ON-238, but because the filing fee check was made payable to the wrong clerk of court, the clerk backed that case number out of its system. Then, when the check properly payable to the Osceola County Clerk of Court was delivered to the clerk on Monday, January 14, the clerk assigned the complaint a new case number (CI-08-ON-331), because other unrelated cases had been filed in the interim and other case numbers had been assigned to these separate cases. This explanation is further supported by a close review of the more detailed, photographed copy of Mansfield's complaint contained in the supplemental records filed with this court. It is evident that something was "whited out"[2] on the first page of the complaint over which the clerk's date stamp of January 14, 2008, 4:47 P.M.

---

[2] Our present system of electronic filing was not in effect in the Osceola County clerk's office back in 2008. Back then, a white liquid substance was at times used to correct mistakes on documents; hence, the term "white out."

stamp was later placed. An examination of the reverse side of the first page of this same document appears to show, through the "white out," an Osceola County Clerk of Court date stamp bearing a date and time of January 11, 2008 at 9:42 A.M. Assuming that the competent evidence at the evidentiary hearing bears all this out, then Mansfield's complaint was timely filed and Tobacco Companies' *Engle* statute of limitations defense is without merit.