PER CURIAM. Demond Mansfield, as Personal Representative of the Estate of Thelma Brown, deceased, appeals the final summary judgment entered in favor of R.J. Reynolds Tobacco Company and Philip Morris USA (collectively, “Tobacco Companies”) on their statute of limitations defense. We reverse and, consistently with Strax Rejuvenation and Aesthetics Institute, Inc. v. Shield, 49 So.3d 741 (Fla. 2010), remand for an evidentiary hearing to determine if Mansfield’s complaint was timely filed. Mansfield sued Tobacco Companies, alleging that the decedent, Thelma Brown, purchased and smoked cigarettes containing nicotine that were designed, manufactured, advertised, and marketed by Tobacco Companies and that as a result, the decedent became addicted to these cigarettes. Mansfield asserted that the decedent’s addiction to cigarettes caused her to contract illnesses that proximately led to her death. Mansfield further alleged that the decedent was a member of the class that initially brought a class action suit against Tobacco Companies for injuries caused by smoking and that obtained a final judgment for punitive damages. In Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla. 2006), the Florida Supreme Court vacated this final judgment and decertified the class, but it allowed each individual class member to separately bring his or her own action for damages, provided that any such suit must be filed within one year of the court’s mandate. 945 So.2d at 1276-77. Mandate issued in Engle on January 11, 2007, thus giving each individual class member until Friday, January 11, 2008, to timely file a complaint. The question that we address in the instant case is whether Mansfield’s counsel filed his complaint against Tobacco Companies on Friday, January 11, 2008, or Monday, January 14, 2008. The filing of a complaint “is complete once the pleading is delivered to and received by the proper officer.” Brooks ex rel. McCook v. Elliott, 593 So.2d 1209, 1210 (Fla. 5th DCA 1992) (citing Bituminous Cas. Corp. v. Clements, 148 Fla. 175,3 So.2d 865 (1941)).[1] In this case, the proper officer was the Clerk of the Circuit Court in Osceola County. Because the complaint filed in this case bears an Osceola County Clerk of Court date stamp of January 14, 2008, Tobacco Companies moved for summary judgment based on their statute of limitations defense that Mansfield did not file his complaint by the Engle-imposed deadline. The trial court granted the motion and entered the final summary judgment now on review. The effect of a clerk’s date stamp on a document is to create a rebuttable presumption that the document was filed on that day. Strax Rejuvenation, 49 So.3d at 744. Nevertheless, the clerk’s date stamp is not conclusive proof of the filing date and may be rebutted by the submission of competent substantial evidence that the complaint was actually received in the clerk’s office by the filing deadline. Id. at 745; Brooks, 593 So.2d at 1210. Here, although the presumption exists that Mansfield’s complaint was untimely filed on January 14, Mansfield filed evidence, in opposition to Tobacco Companies’ motion for summary judgment indicating that on January 11, 2008, the subject complaint and a filing fee check was delivered to the clerk of court in Osceola County and that the clerk of court issued a receipt showing that the complaint was filed by Mansfield against Tobacco Companies on that day. These circumstances present an unresolved question of fact. In Stmx, the court ruled that in those rare cases where a paper is delivered to the clerk’s office within the jurisdictional time frame but, for some reason, through inadvertence or error is not timely stamped by the clerk, it is appropriate to remand for an evidentia-ry hearing to determine if the document was timely filed. 49 So.3d at 744-45. Accordingly, we remand this matter back to the trial court for an evidentiary hearing to allow Mansfield the opportunity to rebut the presumption that his suit was filed on January 14, 2008, with competent substantial evidence that the complaint was in fact timely received by the Osceola County Clerk of Court on January 11, 2008. REVERSED and REMANDED for an evidentiary hearing consistent with this opinion. SAWAYA and EVANDER, JJ., concur. LAMBERT, J., concurs specially, with opinion. . Black’s Law Dictionary also defines the "filing date” as being "the date when any document is delivered to the appropriate authority.” Filing date, Black's Law Dictionary (10th ed. 2014).